UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MALIBU MEDIA, LLC,**<br><br>                    **Plaintiff,**<br>     v.<br>**TIM MCMANUS,**<br><br>                    **Defendant.** | Civ. No. 2:17-01321<br><br>**ORDER** |

**THIS MATTER** comes before the Court on Defendant's motion to vacate entry of default pursuant to Federal Rules of Civil Procedure 55(c) and 60(b). ECF No. 18. Plaintiff consented to the instant motion. *See* Certification of L. Farber ¶ 3, ECF No. 18-1. As an initial matter, the Court notes that an entry of a default judgment has not been made at this time, only an entry of default. *See* ECF No. 17. Rule 60, therefore, does not apply here. Rule 55(c) provides that a court may set aside an entry of default for good cause. *See* Fed. R. Civ. P. 55(c).

In considering whether to vacate an entry of default, courts consider three factors: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of the defendant led to the default. *See Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 656 (3d Cir. 1982). First, Plaintiff makes no objection to the vacation of default, which evidences the fact that it will not be prejudiced by it. Second, Defendant denies all of the allegations leveled against him, the substance of which, if true, would provide a meritorious defense to Plaintiff's claims. *See* Certification of T. McManus ¶ 7, ECF No. 18-2. Third, Defendant provides several

1

reasons as to why he is not culpable for the entry of default against him, none of which Plaintiff contests. *See id.* ¶¶ 8–19. Accordingly;

**IT IS** on this 8th day of January 2018, hereby,

**ORDERED** that Defendant's motion to vacate entry of default is **GRANTED**; and it is further

**ORDERED** that the Court's Entry of Default against Defendant filed on November 30, 2017, is hereby **VACATED**; and it is futher

**ORDERED** that Defendant shall have fourteen (14) days from the entry of the instant Order to file a responsive pleading to Plaintiff's Amended Complaint.

                                           */s/ William J. Martini*
                                           **WILLIAM J. MARTINI, U.S.D.J.**