Patrick J. Cerillo, Esq.
Patrick J. Cerillo, LLC
4 Walter E. Foran Blvd., Suite 402
Flemington, NJ 08822
Attorney ID No. 01481-1980
T: (908) 284-0997
F: (908) 284-0915
pjcerillolaw@comcast.net
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MALIBU MEDIA, LLC, <br><br>　　　　　Plaintiff, <br><br> v. <br><br> TIM MCMANUS, <br><br>　　　　　Defendant. | Case No. 2:17-cv-01321-WJM-MF |

## JOINT DISCOVERY PLAN

1. Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

    Patrick J. Cerillo for Plaintiff, Malibu Media, LLC.
    Leslie A. Farber for Defendant, Tim McManus.

2. Set forth a brief description of the case, including the causes of action and defenses asserted.

**Plaintiff**: Plaintiff has alleged that Defendant used the BitTorrent file distribution network to infringe Plaintiff's copyrights. It is Plaintiff's position that Defendant is a persistent online infringer of Plaintiff's copyrights who copied and distributed at least fourteen (14) of Plaintiff's movies. On February 24, 2017, Plaintiff filed its Complaint to permanently enjoin Defendant from directly infringing on Plaintiff's copyrighted works and for damages pursuant to 17 U.S.C. § 504-(a) and (c). Plaintiff will assert that Defendant had access to and used the relevant IP address and that the Defendant's hard drives contain traces of a BitTorrent client, torrents, and Plaintiff's works.

**Defendant**: Plaintiff has wrongly named defendant as a party since defendant was not the internet account subscriber. Defendant denies downloading or otherwise infringing any of plaintiff's copyrighted works, and believes that, if there was any improper downloading or other misuse of plaintiff's works, it may have been done by a client of defendant's company, Glenwood Digital, which is located at the same address as defendant, or by someone unknown person. Defendant also questions whether plaintiff owns or properly copyrighted the works in questions. Additional defenses alleged in defendant's Separate Defenses include laches, unclean hands, estoppel, failure to mitigate damages because of plaintiff's intentional delay in taking any action to stem any alleged downloading plaintiff's works. Defendant also alleges in his separate defenses that plaintiff's claims are barred by the doctrines of fair use, de minimis infringement, misuse, abandonment and forfeit of the copyrights by creating a honey pot. Defendant also asserts a right to setoff of any claim or award of copyright infringement for the amount(s) of settlements or judgments from other participants in the alleged in the alleged BitTorrent swarm.

3. Have settlement discussions taken place?   Yes _X_  No ___. If so, when?

    The parties have discussed the opportunity for settlement but no dollar amount has been exchanged as of yet.

4. The parties have met pursuant to Fed. R. Civ. P. 26(f).

5. The parties have exchanged the information required by Fed. R. Civ. P. 26(a)(1).

6. Explain any problems in connection with completing the disclosures required by Fed. R. Civ. P. 26(a)(1):

**Plaintiff**: Plaintiff has concerns regarding the preservation of the electronic evidence located on Defendant's computer device hard drives.

**Defendant**: Defendant does not foresee any such problems. However, any discovery request of plaintiff which seeks to examine computers or servers owned by Greenwood Digital, such discovery may be prohibited by the Digital Millennium Copyright Act ("DMCA") and/or be subject to protective order(s)/

7. The parties have not conducted discovery other than the above disclosures.

8. Proposed joint discovery plan:

    a. Discovery is needed on the following subjects:

    The parties anticipate that discovery will be needed on the following subjects:

    1) The identity of the individual who committed the infringement;
    2) The hardware used to commit the infringement;
    3) Whether Plaintiff authorized, permitted or consented to Defendant's distribution of its works;
    4) Whether Defendant's infringements were committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2);
    5) Facts pertinent to damages; and
    6) Other categories which may arise during discovery, and for which the parties will confer as needed at that time.

    **Plaintiff**: Plaintiff currently intends to seek discovery with respect to all allegations contained in the Complaint and any amendments thereto, and in any Answer and Affirmative Defenses filed by Defendants. In addition to the voluntary initial disclosures, Plaintiff intends to take Defendant's deposition, the deposition of persons identified by Defendant in his answers to interrogatories, Defendant's neighbors, and their respective Internet Service Providers.

    **Defendant**: Defendant seeks discovery as to the allegations contained in the Complaint and any amendments thereto, and those raised in defendant's Affirmative Defenses and Counterclaim. Defendant intends

3

    to take depositions in New Jersey of plaintiff's corporate representatives, and plaintiff's investigators and expert(s).

  b. Discovery should not be conducted in phases or be limited to particular issues.

  c. Proposed schedule:
     1) Fed. R. Civ. P. 26 Disclosures: **February 27, 2018**.
     2) E-Discovery conference pursuant to L. Civ. R. 26.1(d): _____.
     3) Service of initial written discovery: **March 19, 2018**.
     4) Maximum of **25** Interrogatories by each party to each other party.
     5) Maximum of **10** depositions to be taken by each party.
     6) Motions to amend or to add parties to be filed by **March 1, 2018**.
     7) Factual discovery to be completed by **November 13, 2018**.
     8) Plaintiff's expert report due on **September 13, 2018**.
     9) Defendant's expert report due on **September 13, 2018**.
     10) Expert depositions to be completed by **September 13, 2018**.
     11) Dispositive motions to be served within **30** days of completion of discovery.

  d. Set forth any special discovery mechanism or procedure requested

    **Plaintiff**: Plaintiff's position is that Defendant must preserve, and must immediately take efforts to prevent the destruction, expiration, deletion, overwriting, concealment, or modification (even if such data would otherwise expire, be deleted or overwritten, concealed, or modified in the normal course of business, including through the termination of user accounts) of Electronically Stored Information ("ESI") reasonably related to this litigation in Defendant's possession, custody, or control. This includes Defendant's electronic storage devices, modems and routers, cloud based accounts, and communications between the Subscriber and the ISP.

    **Plaintiff proposes the following claw back provision**: The parties agree to the following claw back provision: In the event that a

>document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned or destroyed.  In the event that such a request is made, all parties to the litigation and their counsel shall promptly return or destroy all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document.  The producing party shall promptly identify the returned or destroyed document on a privilege log.  The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.
>
>**Defendant**: Defendant will require an appropriate protective order be entered prior to any forensic or other examination of any computer or other electronic storage device defendant owns which is restricted to searching for evidence of plaintiff's copyrighted works, and to ensure that plaintiff is unable to view any privileged or other private information or documents or any documents covered by PCI Security Standards.  Defendant also requires that plaintiff pay for the cost of any forensic examination of any device owned by defendant.

   e.  A pretrial conference may take place on **January 30, 2019**.

   f.  Trial date: **March 1, 2019** ( __X__ Jury Trial; ____Non-Jury Trial).

9. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc)?

   Yes _____ No __X__

10. Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced?

    Yes _____ No __X__

5

11. Do you anticipate entry of a Discovery Confidentiality Order? See L. Civ. R. 5.3(b) and Appendix S.

    Plaintiff: Yes _____ No __X__

    Defendant: Yes  X   No ___
    As stated above, defendant will require an appropriate protective order be entered prior to any forensic or other examination of any computer or other electronic storage device defendant owns which is restricted to searching for evidence of plaintiff's copyrighted works, and to ensure that plaintiff is unable to view any privileged or other private information or documents or any documents covered by PCI Security Standards.  Defendant also requires that plaintiff pay for the cost of any forensic examination of any device owned by defendant.

12. Do you anticipate any discovery problem(s)?    Yes  X  No ___. If so, explain.

    **Plaintiff**: Plaintiff has concerns regarding the preservation of the electronic evidence located on Defendant's computer device hard drives.

    **Defendant**: As noted above, defendant anticipates that some of the discovery which plaintiff may seek is prohibited by the Digital Millennium Copyright Act ("DMCA").  Defendant also anticipates that plaintiff will resist and object to the discovery of prior settlements or judgments involving other participants in the same BitTorrent swarm as the IP address involved in this case

13. State whether this case is appropriate for voluntary arbitration (pursuant to L. Civ. R. 201.1 or otherwise), mediation (pursuant to L. Civ. R. 301.1 or otherwise), appointment of a special master or other special procedure.   If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition of dispositive motions, etc.).

    **Plaintiff**: Plaintiff's position is that this case is not appropriate for mediation at this time.

    **Defendant**:  Defendant agrees that this case is not appropriate for mediation or arbitration.

14. Is this case appropriate for bifurcation? Yes _____ No ___X____

6

15. An interim status/settlement conference (with clients in attendance), should be held on _____.

16. **Plaintiff does not** consent to the trial being conducted by a Magistrate Judge.

    **Defendant consents to the trial being conducted by a Magistrate Judge.**

17. Identify any other issues to address at the Rule 16 Scheduling Conference.


Dated: February 1, 2018


APPROVED BY:

Plaintiff:

By:  /s/ *Patrick J. Cerillo*                    Dated: February 1, 2018
     Patrick J. Cerillo, Esq.
     Patrick J. Cerillo, LLC
     4 Walter E. Foran Blvd., Suite 402
     Flemington, NJ 08822
     Attorney ID No. 01481-1980
     T: (908) 284-0997
     F: (908) 284-0915
     pjcerillolaw@comcast.net
     *Attorneys for Plaintiff*

Defendant:

By:  /s/ Leslie A. Farber                        Dated: February 1, 2018
     Leslie Ann Farber
     33 Plymouth Street
     Suite 204
     Montclair, NJ 07042
     Phone: 973-509-8500
     Fax: 973-860-1174
     Email: LFarber@lfarberlaw.com
     *Attorney for Defendant*