Patrick J. Cerillo, Esq.
Patrick J. Cerillo, LLC
4 Walter E. Foran Blvd., Suite 402
Flemington, NJ 08822
Attorney ID No. 01481-1980
T: (908) 284-0997
F: (908) 284-0915
pjcerillolaw@comcast.net
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| MALIBU MEDIA, LLC, | **JURY TRIAL DEMANDED** |
| Plaintiff, | Case No. 2:17-cv-01321-WJM-MF |
| v. | **SECOND AMENDED COMPLAINT – ACTION FOR DAMAGES FOR PROPERTY RIGHTS INFRINGEMENT** |
| TIM MCMANUS, and GREENWOOD DIGITAL, LLC | |
| Defendant Defendants. | |

Plaintiff, Malibu Media, LLC, sues Defendant Tim McManus, and Defendant Greenwood Digital, LLC ("Greenwood Digital") and alleges:

**Introduction**

1. This matter arises under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act").

2. Defendant is a Defendants, directly and/or vicariously, are persistent online infringer infringers of Plaintiff's copyrights. Defendant's Defendant Greenwood Digital's IP address as set forth on Exhibit A was used to illegally distribute each of the copyrighted movies set forth on Exhibit B.

1

EXHIBIT A

3.    Plaintiff is the registered owner of the copyrights set forth on Exhibit B (the "Copyrights-in-Suit").

**Jurisdiction And Venue**

4.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338 (patents, copyrights, trademarks and unfair competition).

5.    Plaintiff used proven IP address geolocation technology which has consistently worked in similar cases to ensure that the ~~Defendant's~~Defendants' acts of copyright infringement occurred using an Internet Protocol address ("IP address") traced to a physical address located within this District, and therefore this Court has personal jurisdiction over the ~~Defendant~~Defendants, because (i) ~~Defendant~~Defendants, committed the tortious conduct alleged in this Amended Complaint in this State, and (ii) ~~Defendant resides~~Defendants reside in this State and/or (iii) ~~Defendant has~~Defendants have engaged in substantial and not isolated business activity in this State.

6.    Based upon experience filing over 1,000 cases the geolocation technology used by Plaintiff has proven to be accurate to the District level in over 99% of the cases.

7.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c), because: (i) a substantial part of the events or omissions giving rise to the claims occurred in this District; and, (ii) the ~~Defendant resides~~Defendants reside (and therefore can be found) in this District and resides in this State; additionally, venue is proper in this District pursuant 28 U.S.C. § 1400(a) (venue for copyright cases) because ~~Defendant~~Defendants or ~~Defendant's~~Defendants' agent resides or may be found in this District.

2

Formatted: Font: 12 pt

Formatted: Font: 12 pt

Formatted: Font: 12 pt

Formatted: Font: 12 pt

Formatted: Font: 12 pt

Formatted: Font: 12 pt

Formatted: Font: 12 pt

Formatted: Font: 12 pt

**Parties**

8.      Plaintiff, Malibu Media, LLC, (d/b/a "X-Art.com") is a limited liability company organized and existing under the laws of the State of California and has its principal place of business located at ~~9701 Wilshire Blvd., 10th Floor, Beverly Hills, CA 90212~~30700 Russell Ranch Road, Suite 250, Westlake Village, CA 91362.

> Formatted: Font: 12 pt

9.      Defendant Greenwood Digital is ~~an individual employed~~a limited liability company whose corporate address is 100 Greenwood Avenue Haskell, NJ 07420.

> Formatted: Font: 12 pt

> Formatted: Font: 12 pt

~~9.~~10.   Defendant Tim McManus is a Partner at Greenwood Digital, ~~located at~~LLC who resides at the same address as the corporate address for Greenwood Digital, , 100 Greenwood Avenue Haskell, NJ 07420.

> Formatted: Font: 12 pt

> Formatted: Font: 12 pt

**Factual Background**

I.    *~~Defendant~~Defendants Used the BitTorrent File Distribution Network To Infringe Plaintiff's Copyrights*

> Formatted: Font: 12 pt

~~10.~~11.  The BitTorrent file distribution network ("BitTorrent") is one of the most common peer-to-peer file sharing systems used for distributing large amounts of data, including, but not limited to, digital movie files.

~~11.~~12. BitTorrent's popularity stems from the ability of users to directly interact with each other in order to distribute a large file without creating a heavy load on any individual source computer and/or network. The methodology of BitTorrent allows users to interact directly with each other, thus avoiding the need for intermediary host websites which are subject to DMCA take down notices and potential regulatory enforcement actions.

~~12.~~13. In order to distribute a large file, the BitTorrent protocol breaks a file into many small pieces.  Users then exchange these small pieces among each other instead of attempting to

distribute a much larger digital file.

~~13.~~14. After the infringer receives all of the pieces of a digital media file, the infringer's

BitTorrent client software reassembles the pieces so that the file may be opened and utilized.

~~14.~~15. Each piece of a BitTorrent file is assigned a unique cryptographic hash value.

~~15.~~16. The cryptographic hash value of the piece ("piece hash") acts as that piece's

unique digital fingerprint.  Every digital file has one single possible cryptographic hash value

correlating to it.  The BitTorrent protocol utilizes cryptographic hash values to ensure each piece

is properly routed amongst BitTorrent users as they engage in file sharing.

~~16.~~17. The entirety of the digital media file also has a unique cryptographic hash value

("file hash"), which acts as a digital fingerprint identifying the digital media file (e.g. a movie).

Once infringers complete downloading all pieces which comprise a digital media file, the

BitTorrent software uses the file hash to determine that the file is complete and accurate.

~~17.~~18. Plaintiff's investigators, IPP International UG ~~and Excipio GmbH~~ established

a direct TCP/IP connection with ~~the Defendant's~~Greenwood Digital's IP address as set forth

on Exhibit A.

~~18.~~19. Plaintiff's investigators downloaded from ~~Defendant~~Defendants one or more

pieces of each of the digital media files identified by the file hashes listed on Exhibit A.

~~19.~~20. Each digital media file as identified by the file hash listed on Exhibit A correlates

to a copyrighted film owned by Plaintiff, as set forth on Exhibit B.

~~20.~~21. A full copy of each digital media file was downloaded from the BitTorrent file

distribution network, and it was confirmed through independent calculation that the file hash

correlating to each file matched what is listed on Exhibit A.   At no point was Plaintiff's

copyrighted content uploaded to any other BitTorrent user.

4

21.22. Each digital media file as identified by the file hash listed on Exhibit A has been verified to contain a digital copy of a movie that is identical (or alternatively, strikingly similar or substantially similar) to Plaintiff's corresponding original copyrighted work listed on Exhibit B.

22.23. Plaintiff owns the copyrights to the original works (the "Copyrights-in-Suit"). An overview of the Copyrights-in-Suit, including each hit date, date of first publication, registration date, and registration number issued by the United States Copyright Office is set forth on Exhibit B.

23.24. DefendantDefendants directly, and/or vicariously, downloaded, copied, and distributed a complete copy of Plaintiff's works without authorization as enumerated on Exhibits A and B.

24.25. Plaintiff's investigators connected, over a course of time, with Defendant'sGreenwood Digital's IP address for each digital media file identified by the hash value as listed on Exhibit A. The most recent TCP/IP connection between IPP and the Defendant'sGreenwood Digital's IP address for each file hash value listed on Exhibit A is included within the column labeled Hit Date UTC. UTC refers to Universal Time which is utilized for air traffic control as well as for computer forensic purposes.

25.26. Plaintiff's evidence establishes that Defendant Tim McManus, through Defendant Greenwood Digital and its IP Address, is a habitual and persistent BitTorrent user and copyright infringer.

II. _Discovery Will Likely Show That Defendant, Tim McManus, is the Infringer_

5

26.27. The ISP, Optimum Online, identified ~~a business~~Greenwood Digital as the Internet subscriber assigned IP address 96.57.99.138 on September 14, 2016—one day on which the infringement occurred.

27.28. At the time this case was originally filed, Plaintiff knew only that the infringer was using the Internet subscriber's IP address.  Usually, the subscriber is the infringer. But as is the case here, sometimes, the infringer is another person who the subscriber has authorized to use the subscriber's Internet.  In this case the subscriber is also vicariously liable for the infringement.

28.29. After a reasonable opportunity for further investigation or discovery, Plaintiff will likely have evidentiary support that Defendant ~~is the~~ Tim McManus is the direct infringer, and Defendant, Greenwood Digital is a direct and/or vicarious infringer.

29.30. After receiving the subscriber's name, Plaintiff conducted a pre-suit investigation.

30.31. Defendant Tim McManus is a Partner in Greenwood Digital owns, lives and works at the subscriber's address identified in ~~paragraph~~paragraphs 9-10 above.

31.32. Plaintiff's investigators recorded a substantial amount of BitTorrent use emanating from the subject IP address.

32.33. During Plaintiff's pre-suit investigation, Plaintiff reviewed the content and compared it to the investigation of the subscriber and determined that Defendant Tim McManus was more likely the ~~infringer~~natural person completing the infringing acts out of those residing and working at the address.  Indeed, the subject of the works that Plaintiff's investigators recorded being distributed from the subject IP Address match ~~Defendant's~~Defendant Tim McManus's interests and professional background.

6

~~33.~~34. Consequently, after a reasonable opportunity for further investigation or discovery, Plaintiff will likely have evidentiary support that Defendant ~~was using~~Time McManus was using Defendant Greenwood Digital's IP Address to access BitTorrent regularly and that he also used it to infringe Plaintiff's works.

Formatted: Font: 12 pt

35.    Defendant Tim McManus, as Partner of Greenwood Digital, consented on behalf of Greenwood Digital to the use of Greenwood Digital's ISP subscription to complete infringing acts.

**Miscellaneous**

Formatted: Font: 12 pt

~~34.~~36. All conditions precedent to bringing this action have occurred or been waived.

~~35.~~37. Plaintiff has retained counsel and is obligated to pay said counsel a reasonable fee for its services.

**COUNT I**
**Direct Infringement Against Defendant Tim McManus**

Formatted: Font: 12 pt
Formatted: Font: 12 pt

38.    The allegations contained in paragraphs 1-37 are hereby re-alleged as if fully set forth herein.

39.    Plaintiff is the owner of the Copyrights-in-Suit, as outlined in Exhibit B, each of which covers an original work of authorship.

40.    By using BitTorrent, Defendant copied and distributed the constituent elements of each of the original works covered by the Copyrights-in-Suit.

41.    Plaintiff did not authorize, permit or consent to Defendant's distribution of its works.

42.    As a result of the foregoing, Defendant violated Plaintiff's exclusive right to:

(A)     Reproduce the works in copies, in violation of 17 U.S.C. §§ 106(1) and 501;

(B)     Redistribute copies of the works to the public by sale or other transfer of ownership, or by rental, lease or lending, in violation of 17 U.S.C. §§ 106(3) and 501;

(C)     Perform the copyrighted works, in violation of 17 U.S.C. §§ 106(4) and 501, by showing the works' images in any sequence and/or by making the sounds accompanying the works audible and transmitting said performance of the works, by means of a device or process, to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definitions of "perform" and "publically" perform); and

(D)     Display the copyrighted works, in violation of 17 U.S.C. §§ 106(5) and 501, by showing individual images of the works non-sequentially and transmitting said display of the works by means of a device or process to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definition of "publically" display).

43.     Defendant's infringements were committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2).

44.     The infringements have caused Plaintiff to sustain substantial, immediate, and irreparable injury.

45.     As a direct and proximate result of Tim McManus's acts of direct copyright infringement, Plaintiff is entitled to damages in amounts to be determined at trial.

WHEREFORE, Plaintiff respectfully requests that the Court:

(A)     Permanently enjoin Defendant and all other persons who are in active concert or participation with Defendant from continuing to infringe Plaintiff's copyrighted works;

(B)     Order that Defendant delete and permanently remove the digital media files relating to Plaintiff's works from each of the computers under 35Defendants' possession,

8

custody or control;

(C)     Order that Defendant delete and permanently remove the infringing copies of the works Defendant has on computers under Defendants' possession, custody or control;

(D)     Award Plaintiff statutory damages per infringed work pursuant to 17 U.S.C. § 504(a) and (c);

(E)     Award Plaintiff its reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

(F)     Grant Plaintiff any other and further relief this Court deems just and proper.

## COUNT II
## Direct Infringement Against Defendant Greenwood Digital

36.46. The allegations contained in paragraphs 1-37 are hereby re-alleged as if fully set forth herein.

37.47. Plaintiff is the owner of the Copyrights-in-Suit, as outlined in Exhibit B, each of which covers an original work of authorship.

38.48. By using BitTorrent, Defendant copied and distributed the constituent elements of each of the original works covered by the Copyrights-in-Suit.

39.49. Plaintiff did not authorize, permit or consent to Defendant's distribution of its works.

40.50. As a result of the foregoing, Defendant violated Plaintiff's exclusive right to:

(A)Reproduce the works in copies, in violation of 17 U.S.C. §§ 106(1) and 501;

(B)     Redistribute copies of the works to the public by sale or other transfer of ownership, or by rental, lease or lending, in violation of 17 U.S.C. §§ 106(3) and 501;

(C)     Perform the copyrighted works, in violation of 17 U.S.C. §§ 106(4) and 501, by showing the works' images in any sequence and/or by making the sounds accompanying the

9

works audible and transmitting said performance of the works, by means of a device or process, to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definitions of "perform" and "publically" perform); and

(D)      Display the copyrighted works, in violation of 17 U.S.C. §§ 106(5) and 501, by showing individual images of the works non-sequentially and transmitting said display of the works by means of a device or process to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definition of "publically" display).

~~41.~~51. Defendant's infringements were committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2).

~~WHEREFORE, Plaintiff respectfully requests that the Court:~~

~~(QQ)(A)      Permanently enjoin Defendant and all other persons who are in active concert or participation with Defendant from continuing to infringe Plaintiff's copyrighted works;~~

52. ~~Order that Defendant delete and permanently remove the digital media files relating to Plaintiff's works from each of the computers under~~ ~~Defendant's~~The infringements have caused Plaintiff to sustain substantial, immediate, and irreparable injury.

53.      As a direct and proximate result of Greenwood Digital's acts of direct copyright infringement, Plaintiff is entitled to damages in amounts to be determined at trial.

WHEREFORE, Plaintiff respectfully requests that the Court:

(A) Permanently enjoin Defendant and all other persons who are in active concert or participation with Defendant from continuing to infringe Plaintiff's copyrighted works;

10

(A)(B)Order that Defendant delete and permanently remove the digital media files relating to Plaintiff's works from each of the computers under Defendants' possession, custody or control;

(C)    Order that Defendant delete and permanently remove the infringing copies of the works Defendant has on computers under Defendant'sDefendants' possession, custody or control;

(D)    Award Plaintiff statutory damages per infringed work pursuant to 17 U.S.C. § 504(a) and (c);

(E)    Award Plaintiff its reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

(F)    Grant Plaintiff any other and further relief this Court deems just and proper.

### COUNT III
### Vicarious Infringement Against Defendant Greenwood Digital

54.    The allegations contained in paragraphs 1-37 are hereby re-alleged as if fully set forth herein.

55.    In the alternative to Greenwood Digital being directly liable for copyright infringement, as alleged in Count II herein, Plaintiff hereby alleges that Greenwood Digital is vicariously liable for the infringements of Tim McManus, and/or any other individual residing or working at the address where Greenwood Digital knowingly provides its IP address for their use.

56.    By using BitTorrent, Tim McManus, copied and distributed the constituent elements of each of the original works covered by the Copyrights-in-Suit.

57.    Greenwood Digital, as the subscriber of the infringing IP Address, has the right and ability to control who uses its IP Address and what they use the IP Address to do, and has the right and ability to control its employees and Partners, like Tim McManus.

11

58.     Greenwood Digital has declined to exercise its right to stop users of its IP Address from direct infringement of Plaintiff's copyrights.

59.     Greenwood Digital's infringement of Plaintiff's work is in disregard of and with indifference to the rights of Plaintiff.

60.     Plaintiff did not authorize, permit or consent to Greenwood Digital's vicarious distribution of its works.

61.     As a result of the foregoing, Defendant violated Plaintiff's exclusive right to:

(A) Reproduce the works in copies, in violation of 17 U.S.C. §§ 106(1) and 501;

(B)     Redistribute copies of the works to the public by sale or other transfer of ownership, or by rental, lease or lending, in violation of 17 U.S.C. §§ 106(3) and 501;

(C)     Perform the copyrighted works, in violation of 17 U.S.C. §§ 106(4) and 501, by showing the works' images in any sequence and/or by making the sounds accompanying the works audible and transmitting said performance of the works, by means of a device or process, to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definitions of "perform" and "publically" perform); and

(D)     Display the copyrighted works, in violation of 17 U.S.C. §§ 106(5) and 501, by showing individual images of the works non-sequentially and transmitting said display of the works by means of a device or process to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definition of "publically" display).

62.     Defendants' infringements were committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2).

63.     The infringements have caused Plaintiff to sustain substantial, immediate, and irreparable injury.

64.    As a direct and proximate result of Greenwood Digital's acts of vicarious copyright infringement, Plaintiff is entitled to damages in amounts to be determined at trial.

WHEREFORE, Plaintiff respectfully requests that the Court:

(A) Permanently enjoin Defendant and all other persons who are in active concert or participation with Defendant from continuing to infringe Plaintiff's copyrighted works;

(B)    Order that Defendant delete and permanently remove the digital media files relating to Plaintiff's works from each of the computers under Defendants' possession, custody or control;

~~(B)~~(C) Order that Defendant delete and permanently remove the infringing copies of the works Defendant has on computers under Defendants' possession, custody or control;

~~(C)~~(D) Award Plaintiff statutory damages per infringed work pursuant to 17 U.S.C. § 504(a) and (c);

~~(D)~~(E) Award Plaintiff its reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

~~(E)~~(F) Grant Plaintiff any other and further relief this Court deems just and proper.

**DEMAND FOR A JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: March 1, 2018                     Respectfully submitted,

                                          By:    /s/ Patrick J. Cerillo
                                          Patrick J. Cerillo, Esq.
                                          Patrick J. Cerillo, LLC
                                          4 Walter E. Foran Blvd., Suite 402
                                          Flemington, NJ 08822
                                          Attorney ID No. 01481-1980

13

T: (908) 284-0997
F: (908) 284-0915
pjcerillolaw@comcast.net
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on March 1, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all parties through this system.

By:     /s/ *Patrick J. Cerillo*

14

**Formatted:** Font: 12 pt

**Formatted:** Font: 12 pt

**Formatted:** Font: 12 pt

**Formatted:** Font: 12 pt, Not Italic

**Formatted:** Line spacing:  Double, No widow/orphan control, Don't adjust space between Latin and Asian text, Don't adjust space between Asian text and numbers