**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **MALIBU MEDIA, LLC,** | |
| **Plaintiff,** | Civ. No. 2:17-01321 |
| v. | **OPINION** |
| **JOHN DOE, Subscriber IP Address, TIM MCMANUS,** | |
| **Defendant.** | |

**WILLIAM J. MARTINI, U.S.D.J.:**

    Plaintiff Malibu Media, LLC brings this action against Defendant Tim McManus, alleging copyright infringement pursuant to 17 U.S.C. § 106.  This matter comes before the Court on Plaintiff's motion to dismiss Defendant's counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6).  There was no oral argument.  Fed. R. Civ. P. 78(b).  For the reasons set forth below, Plaintiff's motion is **GRANTED in part, and DENIED in part**.

    I.    **BACKGROUND**

    Plaintiff is a limited liability company incorporated in California, with its principal place of business in Beverly Hills, California.  Am. Compl. ¶ 8, ECF No. 10.  Plaintiff produces pornographic films that it offers over the internet via paid subscription.  *Malibu Media, LLC v. Ricupero*, 705 F. App'x 402, 403 (6th Cir. 2017); *see also* Pl.'s Mot. to Dismiss Def.'s Counterclaims ("Pl.'s Mot.") 5–6, ECF No. 22-1 (admitting that plaintiff in *Ricupero* and Plaintiff in the instant case are one and the same).  Defendant is an individual residing at 100 Greenwood Avenue in Haskell, New Jersey.  Am. Compl. ¶ 9.

    Plaintiff alleges one count of direct copyright infringement against Defendant, claiming that he illegally downloaded 14 of Plaintiff's films using the peer-to-peer file sharing system BitTorrent.  *See* Am. Compl. ¶¶ 10–25.  Plaintiff submits that it employed investigators who connected with Defendant's Internet Protocol ("IP") address and downloaded one or more digital files related to each of the 14 films from the BitTorrent network.  *See id.* ¶¶ 17–22.  The Court granted Plaintiff leave to serve a third-party subpoena on the internet service provider, who subsequently identified a company, Greenwood Digital, LLC, as the subscriber of the IP address.  *See* Am. Compl. ¶ 26; Cert. of T. McManus ¶¶ 3–5, ECF No. 18-2.  Upon further investigation, Plaintiff's investigators

1

identified Defendant as a resident of the same location as Greenwood Digital. *See* Am. Compl. ¶¶ 29–30. Plaintiff avers that a subscriber to an infringing IP address is ordinarily the infringer; however, sometimes the infringer is another person authorized to use the subscriber's internet connection. *See id.* ¶ 27. Plaintiff, therefore, named Defendant in its Amended Complaint (the "Complaint") but omitted the actual subscriber, Greenwood Digital. *See id.* ¶¶ 32–33.

Defendant answered the Complaint, admitting that he resides at the identified location but otherwise denying all allegations of copyright infringement. *See* Answer ¶¶ 9–10, 36; *see also* Def.'s Br. in Opp'n to Pl.'s Mot. ("Def.'s Opp'n") 2, ECF No. 25-1. In addition to his affirmative defenses, Defendant also raises two counterclaims. The first seeks a declaratory judgment affirmatively holding that he did not infringe Plaintiff's copyright. The second alleges abuse of process against Plaintiff. *See id.* at 11–14.

Plaintiff now moves to dismiss Defendant's two counterclaims, arguing first that the Court's issuance of a declaratory judgment would be redundant to a determination on the merits of Plaintiff's infringement claim. *See* Pl.'s Mot. at 7–10. Second, Plaintiff argues that Defendant's abuse of process counterclaim is conclusory and wholly unsupported by the alleged facts. *See id.* at 10–14.

Defendant opposes, arguing first that his claim for declaratory relief is necessary to ensure a determination on the merits, which will guard against Plaintiff from voluntarily dismissing without prejudice the instant case when it realizes that it cannot prove Defendant infringed. *See* Pl.'s Opp'n at 6–8. Defendant next argues that it has properly alleged an abuse of process claim against Plaintiff. Defendant alleges that Plaintiff has historically engaged in abusive litigation strategies with the goal of shaming previous defendants into coercive settlement agreements. *See id.* at 10–16. Defendant contends that the only reason Plaintiff filed suit against him instead of the subscriber, Greenwood Digital, is because he is a male and more vulnerable to Plaintiff's abusive tactics in coercing a settlement. *See id.* at 14–15.

In its reply, Plaintiff responds that Federal Rule of Civil Procedure 41 protects Defendant from Plaintiff's voluntary dismissal because Defendant has already answered the Complaint. *See* Pl.'s Reply in Supp. of Mot. to Dismiss Counterclaims ("Pl.'s Reply") 9–14, ECF No. 28. Plaintiff further responds that "a corporate entity itself does not commit copyright infringement," which is the reason why it named Defendant in its Complaint and not Greenwood Digital. *See id.* at 15–16. Plaintiff maintains that Defendant can provide no evidence of abuse of process and that it has litigated in good faith. *See id.*

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in

the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Id.*

### III. DISCUSSION

The Court first addresses Defendant's counterclaim for a declaratory judgment before turning to his abuse of process counterclaim. Ultimately, the Court finds that a declaratory judgment would be redundant to a determination on the merits of Plaintiff's infringement claim but also finds that Defendant has sufficiently pleaded a counterclaim for abuse of process.

#### A. Defendant's Declaratory Judgment Counterclaim

A counterclaim "for declaratory relief is redundant and [becomes] moot upon the disposition of the complaint . . . where it is clear that there is a complete identity of factual and legal issues between the complaint and the counterclaim." *See Aldens, Inc. v. Packel*, 524 F.2d 38, 51–52 (3d Cir. 1975) (citing 6 Wright & Miller, *Fed. Practice & Procedure* § 1406 (1971)). "Courts may dismiss counterclaims requesting declaratory judgment where they are redundant with the original claim." *Lilac Dev. Grp., LLC v. Hess Corp.*, No. 15-cv-7547, 2016 WL 3267325, at *3 (D.N.J. June 7, 2016).

Defendant's counterclaim for declaratory relief is identical to Plaintiff's infringement claim: either Defendant infringed or he did not. Moreover, the Court agrees with Plaintiff that Rule 41(a) adequately protects Defendant should Plaintiff seek voluntary dismissal of the instant case without prejudice. Now that Defendant has answered the Complaint, Plaintiff must move this Court for an appropriate order before dismissal takes effect. Fed. R. Civ. P. 41(a)(2). The Court notes Plaintiff's penchant for litigation, which includes its filing of more than 100 cases in this district, more than 200 cases in the Southern District of Ohio, and hundreds more across the country. *See Ricupero*, 705 F. App'x at 403. While Defendant's counterclaim is redundant, the Court finds that his concern of Plaintiff filing suit in the future without a determination on the merits is very real. The Court, therefore, hereby notices the parties that it will not accept a voluntary dismissal of the instant case unless it is with the consent of both parties. Accordingly, the

Court **GRANTS** Plaintiff's motion with respect to Defendant's first counterclaim and it is **DISMISSED WITH PREJUDICE**.

### B.     Defendant's Abuse of Process Counterclaim

The tort of abuse of process is "'[o]ne who uses a legal process, whether criminal or civil, against another primarily to accomplish a purpose for which it is not designed . . . .'" *See Simone v. Golden Nugget Hotel & Casino*, 844 F.2d 1031, 1037 (3d Cir. 1988) (quoting Restatement (Second) of Torts § 682 (1977)). "'The improper purpose usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the use of the process as a threat or a club. There is, in other words, a form of extortion, and it is what is done in the course of negotiation, rather than the issuance or any formal use of the process itself, which constitutes the tort.'" *Id*. at 1037–38 (quoting Prosser & Keeton, *The Law of Torts* § 121 at 898 (5th ed. 1984)). In New Jersey, the "law requires a further coercive act after the process issues in order to prove an improper use of legal procedure." *Id*. at 1038. "'[T]he essential elements are an ulterior motive and some further act after the issuance of process representing the perversion of the legitimate use of process.'" *See id*. at 1036–37 (quoting *Fielder Agency v. Eldan Constr. Corp.*, 377 A.2d 1220, 1222 (N.J. Super. Ct. Law Div. 1977)). "'Bad motives or malicious intent leading to the institution of a civil action are insufficient to support a cause of action for malicious abuse of process.'" *Id*. (quoting same).

Defendant alleges that Plaintiff "made knowing misrepresentations in its Amended Complaint," that it pleaded copyright infringement "despite knowing that an IP address alone is insufficient to identify an infringer," and that it "intentionally failed to disclose and concealed pertinent and material information regarding [P]laintiff's knowledge of the falsity of certain claims[.]" *See* Answer at 12–13. Defendant specifically alleges that Plaintiff instituted the action "without any genuine intent to proceed," and that it "used the completed service to publicly shame [Defendant]." *See id*. at 13.

Plaintiff asserts that these allegations are merely conclusory in nature and amount to an improper recitation of the cause of action, but the Court disagrees. Assuming that these allegations are true, as the Court must at this stage, Defendant has adequately pleaded a cause of action for abuse of process. The first element, the ulterior motive, is clear: Plaintiff seeks to extort a settlement payment. The second element, the coercive act after the issuance of process, is satisfied by the alleged knowing misrepresentations Plaintiff made in its Amended Complaint. *See Tedards v. Auty*, 557 A.2d 1030, 1035 (N.J. Super. Ct. App. Div. 1989) (finding that defendant's material misrepresentations to the court after the issuance of a writ of *ne exeat* satisfied the "further acts" requirement). Accordingly, the Court **DENIES** Plaintiff's motion with respect to Defendant's second counterclaim.

### IV.    CONCLUSION

For the reasons stated above, Plaintiff's motion to dismiss is **GRANTED** in part, and **DENIED** in part. The motion is granted with respect to Defendant's counterclaim

seeking declaratory relief and it is **DISMISSED WITH PREJUDICE**.  The motion is denied with respect to Defendant's abuse of process counterclaim.  An appropriate order follows.

                                                  */s/ William J. Martini*
                                           **WILLIAM J. MARTINI, U.S.D.J.**

**Date: April 4, 2018**