Patrick J. Cerillo, Esq.
Patrick J. Cerillo, LLC
4 Walter E. Foran Blvd., Suite 402
Flemington, NJ 08822
Attorney ID No. 01481-1980
T: (908) 284-0997
F: (908) 284-0915
pjcerillolaw@comcast.net
Attorneys for Plaintiff/Counterclaim Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MALIBU MEDIA, LLC, | JURY TRIAL DEMANDED |
| Plaintiff/Counterclaim Defendant | |
| v. | Case No. 2:17-cv-01321-WJM-MF |
| TIM MCMANUS, | |
| Defendant/Counterclaimant | |

**PLAINTIFF/COUNTERCLAIM DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT'S ABUSE OF PROCESS COUNTERCLAIM**

The Plaintiff/Counterclaim Defendant, Malibu Media, LLC, ("Plaintiff") answers the Counterclaim of Defendant/Counterclaimant, Tim McManus, ("Defendant") (CM/ECF 20), and asserts affirmative defenses, as follows:

**DEFENDANT'S SEPARATE DEFENSES**

1.      Plaintiff denies the allegations contained in paragraph 1 of Defendant's Separate Defenses.

1

2.      Plaintiff denies the allegations contained in paragraph 2 of Defendant's Separate Defenses.

3.      Plaintiff denies the allegations contained in paragraph 3 of Defendant's Separate Defenses.

4.      Plaintiff denies the allegations contained in paragraph 4 of Defendant's Separate Defenses.

5.      Plaintiff denies the allegations contained in paragraph 5 of Defendant's Separate Defenses.

6.      Plaintiff denies the allegations contained in paragraph 6 of Defendant's Separate Defenses.

7.      Plaintiff denies the allegations contained in paragraph 7 of Defendant's Separate Defenses.

8.      Plaintiff denies the allegations contained in paragraph 8 of Defendant's Separate Defenses.

9.      Plaintiff denies the allegations contained in paragraph 9 of Defendant's Separate Defenses.

10.     Plaintiff denies the allegations contained in paragraph 10 of Defendant's Separate Defenses.

11.     Plaintiff denies the allegations contained in paragraph 11 of Defendant's Separate Defenses.

12.     Plaintiff denies the allegations contained in paragraph 12 of Defendant's Separate Defenses.

13.     Plaintiff denies the allegations contained in paragraph 13 of Defendant's Separate Defenses.

14.     Plaintiff denies the allegations contained in paragraph 14 of Defendant's Separate Defenses.

15.     Plaintiff denies the allegations contained in paragraph 15 of Defendant's Separate Defenses.

16.     Plaintiff denies the allegations contained in paragraph 16 of Defendant's Separate Defenses.

## COUNTERCLAIM

### FIRST COUNT
(Declaratory Judgment of Non-Infringement)

Pursuant to the Court's April 4, 2019, Order, Defendant's First Counterclaim, Declaratory Judgment of Non-Infringement, was dismissed with prejudice.  Therefore, no Answer from Plaintiff is required.

### SECOND COUNT
(Abuse of Process)

8.     Plaintiff incorporates by reference all the foregoing denials made to Defendant's affirmative Defenses to the Amended Complaint and Counterclaims as if fully set forth herein.

9.     Plaintiff denies the allegations contained in paragraph 9 of Defendant's Second Count Counterclaim.

10.     Plaintiff denies the allegations contained in paragraph 10 of Defendant's Second Count Counterclaim.

11.     Plaintiff denies the allegations contained in paragraph 11 of Defendant's Second Count Counterclaim.

12.    Plaintiff admits the allegations contained in paragraph 12 of Defendant's Second Count Counterclaim.

13.    Plaintiff denies the allegations contained in paragraph 13 of Defendant's Second Count Counterclaim.

14.    Plaintiff denies the allegations contained in paragraph 14 of Defendant's Second Count Counterclaim.

15.    Plaintiff denies the allegations contained in paragraph 15 of Defendant's Second Count Counterclaim, including its subparts (a)-(e).

16.    Plaintiff denies the allegations contained in paragraph 16 of Defendant's Second Count Counterclaim.

17.    Plaintiff denies the allegations contained in paragraph 17 of Defendant's Second Count Counterclaim.

18.    Plaintiff denies the allegations contained in paragraph 18 of Defendant's Second Count Counterclaim.

WHEREFORE, Plaintiff demands that Defendant's Counterclaim for Abuse of Process against Plaintiff be dismissed in its entirety with prejudice.

## PLAINTIFF'S AFFIRMATIVE DEFENSES

1.    As its first affirmative defense, Plaintiff asserts that Defendant's Counterclaim for Abuse of Process fails to state a claim upon which relief may be granted.

2.    As its second affirmative defense, Plaintiff asserts that the process undertaken by the Plaintiff was used to accomplish the result for which it was created.

3.      As its third affirmative defense, Plaintiff asserts Plaintiff's service of process was initiated as part of Plaintiff's enforcement of its remedies, including statutory, for infringement of Plaintiff's copyrights, not for any ulterior purpose.

4.      As its fourth affirmative defense, Plaintiff asserts the above-captioned action is confined to its regular and legitimate function in relation to the cause of action stated in the Amended Complaint.

5.      As its fifth affirmative defense, Plaintiff asserts Plaintiff's service of process was served in good faith based on probable cause, and with a genuine legal basis, to initiate the above-captioned action.

6.      As its sixth affirmative defense, Plaintiff asserts Plaintiff's service of process was made to achieve the object of the above-captioned litigation, to enforce Plaintiff's copyrights.

7.      As its seventh affirmative defense, Plaintiff asserts Plaintiff is not guilty or liable for any of the allegations made against it in Defendant's Counterclaim for Abuse of Process.

8.      As its eighth affirmative defense, Plaintiff states that all of Plaintiff's actions in aid of prosecuting its copyrights were justified, and cannot be the basis for liability.

9.      As its ninth affirmative defense, Plaintiff asserts that all of Plaintiff's actions in aid of prosecuting its copyrights were made in good faith upon the information available to Plaintiff, and cannot be the basis for liability.

10.     As its tenth affirmative defense, Plaintiff asserts that Defendant has not suffered any injury by reason of any act or omission by Plaintiff related to the process.

11.     As its eleventh affirmative defense, Plaintiff asserts that, to the extent that Defendant's actions or inactions.

12.     As its twelfth affirmative defense, Plaintiff asserts that, to the extent Defendant has suffered any damages, such damages were caused by, and are the responsibility of persons, parties, and/or entities other than Plaintiff.  Any such bad actors are presently unknown but may be discovered through the regular course of discovery in this matter as members of Defendant's household and/or business office, or visitors to Defendant's household and/or business office.

13.     As its thirteenth affirmative defense, Plaintiff asserts that Defendant failed to exercise reasonable care and diligence to mitigate any alleged damages by failing to secure and monitor Greenwood Digital's internet service account to protect against infringement of Plaintiff's copyrighted works.

14.     As its fourteenth affirmative defense, Plaintiff asserts that Defendant's counterclaim is barred in whole, or in part, by the litigation privilege

15.     Plaintiff reserves the right to assert additional affirmative defenses that become known through additional investigations and/or discovery during the course of this litigation.

## DEMAND FOR JURY TRIAL

Plaintiff/Counterclaim Defendant, Malibu Media, LLC, demands a trial by jury as to all issues so triable.

Dated: April 16, 2018                    Respectfully submitted,

By: /s/ Patrick J. Cerillo
Patrick J. Cerillo, Esq.
Patrick J. Cerillo, LLC
4 Walter E. Foran Blvd., Suite 402
Flemington, NJ 08822
Attorney ID No. 01481-1980
T: (908) 284-0997
F: (908) 284-0915
pjcerillolaw@comcast.net
Attorneys for Plaintiff/Counterclaim Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on April 16, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all parties through this system.

By: _____ /s/ *Patrick J. Cerillo*