**LESLIE A. FARBER, LLC**
33 Plymouth Street, Suite 204
Montclair, New Jersey 07042
Ph. (973) 509-8500
eMail: LFarber@LFarberLaw.com
Attorneys for Defendants/Counterclaimants

| | |
|---|---|
| **MALIBU MEDIA, LLC,**<br><br>*Plaintiff,*<br><br>v.<br><br>**TIM McMANUS and GREENWOOD DIGITAL, LLC**<br><br>*Defendants/Counterclaimants.* | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>Case No. 2:17-cv-01321-WJM-MF<br><br>CIVIL ACTION<br><br>**ANSWER, SEPARATE DEFENSES, COUNTERCLAIM TO SECOND AMENDED COMPLAINT**<br>and<br>**DEMAND FOR JURY TRIAL** |

Defendants, TIM McMANUS and GREENWOOD DIGITAL, LLC, by way of Answer and Counterclaim to plaintiff's Amended Complaint, say:

INTRODUCTION

1. No factual allegations are alleged against defendants in paragraph 1 of the Second Amended Complaint which consists solely of legal conclusions. As such, defendants are not obligated to Admit or Deny the allegations in this paragraph. To the extent this paragraph contains factual allegations against defendants, defendants are without sufficient information to form a belief as to the allegations contained in paragraph 1 of the Second Amended Complaint and leave plaintiff to its proofs.

2. Defendants Deny the allegations contained in paragraph 2 of the Second Amended Complaint.

3. No factual allegations are alleged against defendants in paragraph 3 of the Second Amended Complaint which consists solely of legal conclusions. As such, defendants are not

obligated to Admit or Deny the allegations in this paragraph. To the extent this paragraph contains factual allegations against defendants, defendants are without sufficient information to form a belief as to the allegations contained in paragraph 3 of the Second Amended Complaint and leave plaintiff to its proofs.

## Jurisdiction and Venue

4. Defendants Admit the allegations contained in paragraph 4 of the Second Amended Complaint.

5. Defendants Deny the allegations contained in paragraph 5 of the Second Amended Complaint.

6. No factual allegations are alleged against defendants in paragraph 6 of the Second Amended Complaint. As such, defendants are not obligated to Admit or Deny the allegations in this paragraph. To the extent this paragraph contains factual allegations against defendants, defendants Admit that they reside in this District, but is without sufficient information to form a belief as to the remaining allegations contained in paragraph 6 of the Second Amended Complaint and leaves plaintiff to its proofs.

7. Defendants Admit residing in this District, but are without sufficient information to form a belief as to the remaining allegations contained in paragraph 7 of the Second Amended Complaint and leave plaintiff to its proofs.

## Parties

8. Defendants are without sufficient information to form a belief as to the remaining allegations contained in paragraph 8 of the Second Amended Complaint and leave plaintiff to its proofs.

9. Defendants Admit the allegations contained in paragraph 9 of the Second Amended Complaint.

10. Defendants Admit the allegations contained in paragraph 10 of the Second Amended Complaint.

Factual Backround

11. No factual allegations are alleged against defendants in paragraph 11 of the Second Amended Complaint. As such, defendants are not obligated to Admit or Deny the allegations in this paragraph.

12. No factual allegations are alleged against defendants in paragraph 12 of the Second Amended Complaint. As such, defendants are not obligated to Admit or Deny the allegations in this paragraph.

13. No factual allegations are alleged against defendants in paragraph 13 of the Second Amended Complaint. As such, defendants are not obligated to Admit or Deny the allegations in this paragraph.

14. No factual allegations are alleged against defendants in paragraph 14 of the Second Amended Complaint. As such, defendants are not obligated to Admit or Deny the allegations in this paragraph. To the extent this paragraph contains factual allegations against defendants, defendants Deny such allegations.

15. No factual allegations are alleged against defendants in paragraph 15 of the Second Amended Complaint. As such, defendants are not obligated to Admit or Deny the allegations in this paragraph.

16. No factual allegations are alleged against defendants in paragraph 16 of the Second Amended Complaint. As such, defendants are not obligated to Admit or Deny the allegations in this paragraph.

17. No factual allegations are alleged against defendants in paragraph 17 of the Second Amended Complaint. As such, defendants are not obligated to Admit or Deny the allegations in this paragraph. To the extent this paragraph contains factual allegations against defendants, defendants Deny such allegations.

18. Defendants Deny the allegations contained in paragraph 18 of the Second Amended Complaint.

19. Defendants Deny the allegations contained in paragraph 19 of the Second Amended Complaint.

20. Defendants Deny the allegations contained in paragraph 20 of the Second Amended Complaint to the extent that such allegations relate to or implicate any actions of defendant. Defendants are without sufficient information to form a belief as to the remaining allegations contained in this paragraph of the Second Amended Complaint and leaves plaintiff to its proofs.

21. Defendants Deny the allegations contained in paragraph 21 of the Second Amended Complaint to the extent that such allegations relate to or implicate any actions of defendant. Defendants are without sufficient information to form a belief as to the remaining allegations contained in this paragraph of the Second Amended Complaint and leaves plaintiff to its proofs.

22. Defendants Deny the allegations contained in paragraph 22 of the Second Amended Complaint to the extent that such allegations relate to or implicate any actions of defendant. Defendants are without sufficient information to form a belief as to the remaining allegations contained in this paragraph of the Second Amended Complaint and leaves plaintiff to its proofs.

23. Defendants Deny the allegations contained in paragraph 23 of the Second Amended Complaint to the extent that such allegations relate to or implicate any actions of defendant. Defendants are without sufficient information to form a belief as to the remaining allegations contained in this paragraph of the Second Amended Complaint and leaves plaintiff to its proofs.

24. Defendants Deny the allegations contained in paragraph 24 of the Second Amended Complaint.

25. Defendants Deny the allegations contained in paragraph 25 of the Second Amended Complaint.

26. Defendants Deny the allegations contained in paragraph 26 of the Second Amended Complaint.

27. No factual allegations are alleged against defendants in paragraph 27 of the Second Amended Complaint. As such, defendants are not obligated to Admit or Deny the allegations in this paragraph. To the extent this paragraph contains factual allegations against defendants, defendants Deny such allegations.

28. No factual allegations are alleged against defendants in paragraph 28 of the Second Amended Complaint. As such, defendants are not obligated to Admit or Deny the allegations in this paragraph. To the extent this paragraph contains factual allegations against defendants, defendants Deny such allegations.

29. Defendants Deny the allegations contained in paragraph 29 of the Second Amended Complaint.

30. Defendants are without sufficient information to form a belief as to the allegations contained in paragraph 30 of the Second Amended Complaint and leave plaintiff to its proofs.

31. Defendants Admit the allegations contained in paragraph 31 of the Second Amended Complaint.

32. Defendants Deny the allegations contained in paragraph 32 of the Second Amended Complaint.

33. Defendants Deny the allegations contained in paragraph 33 of the Second Amended Complaint.

34. Defendants Deny the allegations contained in paragraph 34 of the Second Amended Complaint.

35. Defendants Deny the allegations contained in paragraph 35 of the Second Amended Complaint.

Miscellaneous

36. No factual allegations are alleged against defendants in paragraph 36 of the Second Amended Complaint. As such, defendants are not obligated to Admit or Deny the allegations in this paragraph. To the extent this paragraph contains factual allegations against defendants, defendants Deny such allegations.

37. Defendants are without sufficient information to form a belief as to the allegations contained in paragraph 37 of the Second Amended Complaint and leave plaintiff to its proofs.

COUNT I

38. Defendants repeat and reallege their responses to paragraphs 1-37 of plaintiff's Second Amended Complaint and incorporate same herein.

39. Defendants are without sufficient information to form a belief as to the allegations contained in paragraph 39 of the Second Amended Complaint and leave plaintiff to its proofs.

40. Defendants Deny the allegations contained in paragraph 40 of the Second Amended Complaint.

41. Defendants Deny the allegations contained in paragraph 41 of the Second Amended Complaint.

42. Defendants Deny the allegations contained in paragraph 42 of the Second Amended Complaint.

43. Defendants Deny the allegations contained in paragraph 43 of the Second Amended Complaint.

44. Defendants Deny the allegations contained in paragraph 44 of the Second Amended Complaint.

45. Defendants Deny the allegations contained in paragraph 45 of the Second Amended Complaint.

WHEREFORE, defendants demand that Count I of plaintiff's Second Amended Complaint against defendants be dismissed in its entirety with prejudice.

## COUNT II

46. Defendants repeat and reallege their responses to paragraphs 1-45 of plaintiff's Second Amended Complaint and incorporate same herein.

47. Defendants are without sufficient information to form a belief as to the allegations contained in paragraph 47 of the Second Amended Complaint and leave plaintiff to its proofs.

48. Defendants Deny the allegations contained in paragraph 48 of the Second Amended Complaint.

49. Defendants Deny the allegations contained in paragraph 49 of the Second Amended Complaint.

50. Defendants Deny the allegations contained in paragraph 50 of the Second Amended Complaint.

51. Defendants Deny the allegations contained in paragraph 51 of the Second Amended Complaint.

52. Defendants Deny the allegations contained in paragraph 52 of the Second Amended Complaint.

53. Defendants Deny the allegations contained in paragraph 53 of the Second Amended Complaint.

WHEREFORE, defendants demand that Count II of plaintiff's Second Amended Complaint against defendants be dismissed in its entirety with prejudice.

## COUNT III

54. Defendants repeat and reallege their responses to paragraphs 1-53 of plaintiff's Second Amended Complaint and incorporate same herein.

55. Defendants Deny the allegations contained in paragraph 55 of the Second Amended Complaint.

56. Defendants Deny the allegations contained in paragraph 56 of the Second Amended Complaint.

57. Defendants Deny the allegations contained in paragraph 57 of the Second Amended Complaint.

58. Defendants Deny the allegations contained in paragraph 58 of the Second Amended Complaint.

59. Defendants Deny the allegations contained in paragraph 59 of the Second Amended Complaint.

60. Defendants Deny the allegations contained in paragraph 60 of the Second Amended Complaint.

61. Defendants Deny the allegations contained in paragraph 61 of the Second Amended Complaint.

62. Defendants Deny the allegations contained in paragraph 62 of the Second Amended Complaint.

63. Defendants Deny the allegations contained in paragraph 63 of the Second Amended Complaint.

64. Defendants Deny the allegations contained in paragraph 64 of the Second Amended Complaint.

WHEREFORE, defendants demand that Count III of plaintiff's Second Amended Complaint against defendants be dismissed in its entirety with prejudice.

## SEPARATE DEFENSES

1. Defendants owed no duty to plaintiff since there is a question whether plaintiff actually owns or has exclusive right to the copyrights to the works remains in question, and whether plaintiff intentionally seeded the "honey pot" (or the market) with its digital files with the purpose of generating litigation.

2. <u>Failure to State a Claim Upon Which Relief Can Be Granted</u>. Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted in that the applicable statute of limitations has expired on plaintiff's works. In addition, plaintiff's Second Amended Complaint fails to adequately state facts, rather than conclusions, establishing any relation between the alleged BitTorrent swarm(s) and the IP address plaintiff asserts is related to defendant. As such, plaintiff's Second Amended Complaint fails to meet the pleadings standards established by *Bell*

*Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), and *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009). Moreover, as plaintiff stated in its "Memorandum of Law in Support of Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference," Internet Service Providers may maintain its IP address logs "for weeks or months; others are stored very briefly before being purged." ECF No. 4-4 at 5, n. 3 (citing Statement of Jason Weinstein Deputy Assistant Attorney General Criminal Division Before The Committee on Judiciary Subcommittee on Crime, Terrorism, And Homeland Security United States House Of Representatives, (January 2011) (available at http://judiciary.house.gov/hearings/pdf/Weinstein 01252011.pdf.) Plaintiff has no evidence showing that any defendant was the account holder for IP address 96.57.99.138 during the alleged hits stated in Exhibit A annexed to the Second Amended Complaint.

3. Any damage suffered by plaintiff was due to conduct of third parties or the co-defendants over whom defendants had no control, which conduct intervened and superseded any conduct or negligence of these defendants. Those other parties would be the actual person(s) other than these defendants who downloaded and/or shared the works in question, as well as the other persons who participated in the alleged swarm plaintiff claims these defendants participated in.

4. <u>Laches</u>. Plaintiff's claim is barred by the doctrine of laches as plaintiff made no attempt to enjoin the file-sharing practices of which it complains. Plaintiff's inaction or ineffectiveness in preventing the practices of the users of BitTorrent websites, has allowed members of the public to justifiably assume that any such file-sharing was a completely legal practice. Plaintiff alleges that the file-sharing activity of plaintiff's copyrighted material in defendants' premises began in January 21, 2016, and continued until September 14, 2016. However, plaintiff chose not to file its Complaint until February 24, 2017. Instead of acting anytime between January 2016 and September 2016 to stop the downloads, plaintiff decided to passively watch the IP address

plaintiff alleges belonged to defendants until someone purportedly using that IP address downloaded a number of other works of plaintiff in order to seek higher statutory damages. Had plaintiff acted sooner, it could have curbed the alleged infringing activity anytime between January 2016 and September 2016 and could have deterred infringements. Plaintiff's delay in pursuing this suit led to additional alleged infringements. Plaintiff's delay and inaction was inexcusable and prejudicial to defendants and occupants of defendants' premises.

5. Plaintiff's claim is barred by the doctrine of unclean hands since, upon information and belief, plaintiff or its affiliates, Excipio GmbH, Guardaley and/or IPP International, intentionally seeded the "pot" or "honey pot" (or the market) with its digital files with the purpose of generating litigation.

6. Plaintiff's claim is barred by the doctrine of estoppel since, upon information and belief, plaintiff or its affiliates, Excipio GmbH, Guardaley and/or IPP International UG, intentionally seeded the "pot" or "honey pot" (or the market) with its digital files with the purpose of generating litigation.

7. <u>Failure to Mitigate Damages</u>.  Any damages suffered by plaintiff as a result of circumstances pled in plaintiff's Second Amended Complaint were the direct result of plaintiff's failure to take reasonable action to prevent damages, and by such failure, plaintiff failed to mitigate any damages. Plaintiff is aware that the individuals plaintiff pursues typically download multiple works. However, plaintiff chose not to stop the infringement when it began; but decided instead to wait until there were more alleged downloads. Plaintiff alleges in this case that downloads of its materials took place from January 21, 2016, through September 14, 2016. Plaintiff could have taken steps at the beginning to prevent future downloads, including, but not limited to, sending a DMCA notice through defendant's Internet Service Provider or filing its lawsuit more timely. Instead,

plaintiff chose to do nothing and watch and allow another eleven (13) alleged downloads to occur. As a result, plaintiff inflicted greater damage upon itself, through its inaction and inexcusable delay

8. <u>Failure to Join An Indispensable Party</u>.  Plaintiff has failed to join parties without whom the action cannot proceed and defendants reserve the right to move to dismiss due to plaintiff's failure to join indispensable parties.  Those other parties would be the actual person(s) other than these defendants who downloaded and/or shared the works in question, as well as the other persons who participated in the alleged swarm plaintiff claims these defendants participated in.

9. The contents of plaintiff's works are in the public domain since, upon information and belief, plaintiff or its affiliates, Excipio GmbH, Guardaley and/or IPP International UG, intentionally seeded the "pot" or "honey pot" (or the market) with its digital files with the purpose of generating litigation.

10. The copyrights to plaintiff's works were not properly registered.

11. Any copying or use of any of plaintiff's works by defendants was de minimis.

12. Any copying or use of any of plaintiff's works by defendants was fair use since, upon information and belief, plaintiff or its affiliates, Excipio GmbH, Guardaley and/or IPP International UG, intentionally seeded the "pot" or "honey pot" (or the market) with its digital files with the purpose of generating litigation.

13. Plaintiff has forfeited its rights in the works alleged in the Second Amended Complaint since, upon information and belief, plaintiff or its affiliates, Excipio GmbH, Guardaley and/or IPP International UG, intentionally seeded the "pot" or "honey pot" (or the market) with its digital files with the purpose of generating litigation.

14. Plaintiff has misused its rights of the works alleged in the Second Amended Complaint since, upon information and belief, plaintiff or its affiliates, Excipio GmbH, Guardaley and/or IPP International UG, intentionally seeded the "pot" or "honey pot" (or the market) with its digital files with the purpose of generating litigation.

15. Plaintiff has abandoned the copyrights of the works alleged in the Second Amended Complaint since, upon information and belief, plaintiff or its affiliates, Excipio GmbH, Guardaley and/or IPP International UG, intentionally seeded the "pot" or "honey pot" (or the market) with its digital files with the purpose of generating litigation.

16. On information and belief, plaintiff has received thousands of dollars in settlements from Doe defendants in similar cases for alleged copyright infringement in their participation in the BitTorrent swarm(s) in which plaintiff alleges defendants participated. As a result, defendants are entitled to a set-off of all monies collected by plaintiff for the same works and alleged BitTorrent swarm(s) plaintiff alleges these defendants was a participant in which plaintiff has settled, or will settle in the future with other individuals.

## COUNTERCLAIM
(Abuse of Process)

1. Defendants/counterclaimants incorporates by reference all allegations made in their Affirmative Defenses to plaintiff's Second Amended Complaint.

2. Plaintiff made knowing misrepresentations in its Second Amended Complaint filed against defendants.

3. Plaintiff pleaded claims for copyright infringement despite knowing that an IP address alone is insufficient to identify an infringer. Plaintiff pleaded claims for statutory remedies despite knowing that those claims were likely unavailable.

4. In filing its Second Amended Complaint, plaintiff sought to use and did use lawfully issued process for an ulterior or illegitimate purpose in an attempt to obtain a result not intended by law, to wit: (1) to extract money from defendants/counterclaimants by leveraging the lawsuit as a form of public disparagement and humiliation; and (2) monetary damage relative to the expense of defending this frivolous action.

5. Plaintiff completed service on defendants on August 6, 2018.

6. Plaintiff willfully abused, misused and/or misapplied the process for an end other than that which it was designed to accomplish.

7. Plaintiff intentionally failed to disclose and concealed pertinent and material information regarding plaintiff's knowledge of the falsity of certain claims and the ulterior or illegitimate purpose for which the Complaints were employed.

8. Specifically, plaintiff failed to disclose and concealed pertinent and material information that includes but is not limited to the following:

   a. Plaintiff instituted the original action without any genuine intent to proceed against defendants herein, but rather as a vehicle to obtain discovery of the identity and contact information of defendants and others;

   b. Plaintiff knows it has no basis for naming defendants/counterclaimants as the infringer, yet continues to assert the claims against him;

   c. Plaintiff assert its claims in order to influence the conduct of defendants in ways that are not related to the merits of its claims;

   d. Plaintiff used the completed service to publicly shame defendants/counterclaimants; and

e. Plaintiff intends the current action to hang as a sword over defendants' head, to extort unwarranted payments to settle claims not supportable as a matter of law.

9. Plaintiff's service of process facilitated these ulterior purposes.

10. As a direct and proximate result of plaintiff's conduct, defendants/counterclaimant have been forced to expend a significant amount of time and money in defending against these frivolous claims, and thereby suffered injuries, damages, or losses in an amount to be determined at trial.

11. Plaintiff's actions were performed knowingly, intentionally and maliciously, by reason of which defendants are entitled to an award of compensatory and punitive damages in amounts not presently known, but to be proven at trial of which defendants are entitled to an award of compensatory and punitive damages in amounts not presently known, but to be proven at trial.

WHEREFORE, defendants/counterclaimants demand judgment against Malibu Media, LLC, as follows:

A. That plaintiff take nothing by the Second Amended Complaint and that the same be dismissed with prejudice;

B. Declaring that defendants/counterclaimants are not liable for directly infringing plaintiff's copyright;

C. That plaintiff has misused its copyrights and that they should be invalidated;

D. Awarding defendants/counterclaimants their costs and reasonable attorneys' fees incurred this action;

E. Awarding defendants/counterclaimants all damages that they have sustained as a consequence of Malibu Media's acts complained of herein; and

F. Granting such other and further relief as the Court deems appropriate

                LESLIE A. FARBER, LLC
                Attorneys for Defendants/Counterclaimants

            By: /s/ Leslie A. Farber
Dated  September 23, 2018        Leslie A. Farber

## DEMAND FOR JURY TRIAL

  Defendants/counterclaimants demand a trial by jury as to all issues so triable.

                LESLIE A. FARBER, LLC
                Attorneys for Defendants/Counterclaimants

            By: /s/ Leslie A. Farber
Dated  September 23, 2018        Leslie A. Farber

## CERTIFICATION OF SERVICE

  I hereby certify that on September 23, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system and that service upon all parties who have appeared in the matter and upon all counsel of record has been perfected.

                /s/ Leslie A. Farber
Dated  September 23, 2018        Leslie A. Farber

## JURY DEMAND

  Defendants/counterclaimants hereby demands a trial by jury on all issues so triable herein.

                LESLIE A. FARBER, LLC
                Attorneys for Defendants/counterclaimants

            By: /s/ Leslie A. Farber
Dated  September 23, 2018        Leslie A. Farber

<u>CERTIFICATION OF SERVICE</u>

      I hereby certify that on September 23, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system and that service upon all parties who have appeared in the matter and upon all counsel of record has been perfected.

|  |  |
|---|---|
| Dated  September 23, 2018 | <u>/s/ Leslie A. Farber</u><br>Leslie A. Farber |