UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MALIBU MEDIA, LLC,** <br><br> **Plaintiff,** <br><br> v. <br><br> **TIM MCMANUS and GREENWOOD DIGITAL, LLC,** <br><br> **Defendant.** | Civ. No. 2:17-01321 <br><br> **ORDER TO SHOW CAUSE** |

### WILLIAM J. MARTINI, U.S.D.J.:

Plaintiff Malibu Media, LLC brings this action against Defendant Tim McManus, alleging copyright infringement pursuant to 17 U.S.C. § 106. This matter comes before the Court upon Plaintiff's Motion for Voluntary Dismissal with Prejudice of Plaintiff's Claims and to Dismiss Defendants' Counterclaims, ECF No. [56] ("Motion"), filed on April 3, 2019. Under Local Rule 78,1(a), Defendants' opposition is due on April 22, 2019. The Court has reviewed the Motion and the record in this case. For the reasons set forth below, Plaintiff Malibu **SHALL SHOW CAUSE** why the Motion should not be denied.

### I.      BACKGROUND

Plaintiff Malibu Media, LLC ("Malibu") is a California company which produces pornographic films that it offers over the internet via paid subscription. ECF No. [34] at 1. Plaintiff originally filed its complaint alleging a single count of copyright infringement against a "John Doe," later determined to be Defendant Tim McManus, an individual residing at 100 Greenwood Avenue in Haskell, New Jersey. *Id.* Defendant McManus answered and filed two counterclaims, one for a declaratory judgment affirmatively holding that he did not infringe on Plaintiff's copyright and a second for abuse of process. ECF No. [20]. Plaintiff moved to dismiss the counterclaims. ECF No. [22].

By way of an Opinion and Order dated April 4, 2018, ECF Nos. [34] & [35], the Court granted in part and denied in part Plaintiff's motion. As to the declaratory relief, the Court found that Defendant's counterclaim was identical to Plaintiff's infringement claim because "either Defendant infringed or he did not." ECF No. [34]. Agreeing with Plaintiff's argument in favor of dismissal, *see* ECF No. [28] at 5, the Court found dismissal appropriate and that that Defendant would be adequately protected by Federal Rule of Civil Procedure 41(a) which would require leave of Court should Plaintiff seek voluntary dismissal of its affirmative copyright claim. Specifically, the Court held that:

> While Defendant's counterclaim is redundant, the Court finds that his concern of Plaintiff filing suit in the future without a determination on the merits is very real. The Court, therefore, hereby notices the parties that it will not accept a voluntary dismissal of the instant case unless it is with the consent of both parties.

ECF No. [34] at 3. As to the abuse of process claim, the Court found that Defendant adequately pleaded a cause of action for abuse of process and denied the motion. *Id.* at 4.

Plaintiff subsequently amended its complaint, adding Defendant Greenwood Digital, LLC ("Greenwood"). ECF No. [30-2]. Greenwood is a limited liability company registered at the same address as Defendant McManus's residence. *Id.* ¶ 9. Defendant Tim McManus is a partner at Greenwood. *Id.* ¶ 10. In its Second Amended Complaint, Plaintiff alleges one count of direct copyright infringement against each of the Defendants (Counts I and II), as well as a third count of vicarious copyright infringement against Defendant Greenwood (Count III). *Id.* ¶¶ 38–64. Defendants answered, asserted affirmative defenses, and, consistent with the Court's prior order dismissing the counterclaim for declaratory judgment, filed a single counterclaim for abuse of process. ECF No. [46].

## II.   THE INSTANT MOTION

Plaintiff now moves to voluntarily dismiss its claims against Defendants with prejudice. ECF No. [56]. Plaintiff states that it has "elected not to pursue its claim against Defendants as present evidence does not support the time and expense that would be incurred in an attempt to bear out Defendants' infringer status as a direct or contributory infringer . . . ." ECF No. [56-1] at 2. Plaintiff further argues that since such dismissal with prejudice "would eliminate any actual case or controversy in this proceeding," the Court should dismiss Defendants' abuse of process counterclaim as moot. *Id.*

The Motion noticeably lacks any reference to the consent required in the Court's prior order when it granted Plaintiff's motion to dismiss the counterclaim for declaratory judgment. Moreover, even if the Court were to grant Plaintiff's Motion, the record is clear that Defendants' abuse of process claim is not mooted by such dismissal.

Accordingly, on **April 25, 2019 at 9:30 a.m. in Courtroom 4B** Plaintiff shall **SHOW CAUSE** before the undersigned why the Motion should not be denied. Plaintiff's brief in support shall be filed by **April 17, 2019.** Defendant may file any brief in response by **April 22, 2019.** Should the Court determine oral argument is unnecessary, the Court will inform the parties by way of text order. The parties are reminded that if both Plaintiff and Defendants consent to voluntary dismissal of this matter, the parties may jointly notify the Court in lieu of this Order to Show Cause.

　　　　　　　　　　　　　　　　　　　　*/s/ William J. Martini*
　　　　　　　　　　　　　　　　　　　　**WILLIAM J. MARTINI, U.S.D.J.**

**Date: April 11, 2019**