Patrick J. Cerillo, Esq.
Patrick J. Cerillo, LLC
4 Walter E. Foran Blvd., Suite 402
Flemington, NJ 08822
Attorney ID No. 01481-1980
T: (908) 284-0997
F: (908) 284-0915
pjcerillolaw@comcast.net
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>Plaintiff,<br><br>v.<br><br>TIM MCMANUS and GREENWOOD DIGITAL, LLC,<br><br>Defendant. | JURY TRIAL DEMANDED<br><br>Case No. 2:17-cv-01321-WJM-MF |

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE [CM/ECF 57]**

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel and pursuant to this Honorable Court's Order to Show Cause [CM/ECF 57] hereby submits the following memorandum of law discussing the reasons Plaintiff's pending Motion to Dismiss [CM/ECF 56] (hereinafter "Plaintiff's Motion to Dismiss") should not be denied and briefing on the Motion to Dismiss should continue.

.

## STATEMENT OF FACTS

Plaintiff has moved for this Court to Order dismissal with prejudice of both the Plaintiff's Amended Complaint, and the Defendants' Counterclaim for Abuse of Process.

This case involves a claim of copyright infringement by means of BitTorrent file sharing technology. In its Second Amended Complaint [CM/ECF 41], Plaintiff alleges that Defendant used BitTorrent technology to illegally obtain and distribute Malibu's copyrighted movies. However, after further investigation into representation made by Defendants regarding liability, and upon additional investigation by Plaintiff, Plaintiff has elected not to pursue its claim against Defendants as present evidence does not support the time and expense that would be incurred in an attempt to bear out Defendants' infringer status as a direct or contributory infringer as it appears the Defendants are sophisticated IT professionals with the knowledge to hide infringing activity. For this reason, and to conserve judicial resources and prevent unnecessary expense for the parties, Plaintiff respectfully requests that this Court dismiss with prejudice Plaintiff's claim against Defendants. In addition, because this Court's dismissal with prejudice of Plaintiff's claims would eliminate any actual case or controversy in this proceeding, Defendant

2

could opt to pursue a fee award.[1]  Therefore, Plaintiff asks that the Court to also dismiss Defendants' counterclaim.

## ARGUMENT

### A. Plaintiff Has a Right Request Dismissal of its Second Amended Complaint and Dismissal Would Not Prejudice Defendants

By its Motion to Dismiss Plaintiff has effectively requested that this Honorable Court reconsider its position in the Order at CM/ECF 34 & 35, that it would not accept a voluntary dismissal of the instant case unless it is with the consent of both parties.  As this Court may recall Plaintiff, and this Honorable Court, have both discussed mutual dismissal of claims and Defendants remain opposed.  However, Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 41(a) provides that upon motion Plaintiff can request this Honorable Court award dismissal and that is precisely the relief that Plaintiff's Motion to Dismiss seeks.

Plaintiff respects the judicial process and is merely enforcing its rights as intended by Congress. *See Malibu Media, LLC v. Does 1-28*, 295 F.R.D. 527, 535 (M.D. Fla. 2012) ("Malibu certainly has the right to protect its copyright, assuming it owns a protectable copyrighted work, by bringing infringement actions against those it believes engaged in infringing conduct."); *see also Malibu Media, LLC v. Doe*, 2015 U.S. Dist. LEXIS 108934, *4 (S.D.N.Y. Aug. 18, 2015) ("To Plaintiff's

---

[1] This is not a representation that Plaintiff believes Defendants are entitled to any fee award.  Any motion for fees will be opposed, Plaintiff merely demonstrates that dismissal with prejudice does not shut Defendants off from filing a motion for fees pursuant to the Copyright Act.

credit, it has acknowledged the potential for abuse and states that its policy is to allow defendants to proceed anonymously and would consent to a protective order.").

Plaintiff's decision is a business decision based on the examination of information provided by the Defendants. Defendants are savvy IT professionals with the knowledge and capability to hide infringing activity. Other courts have recognized Plaintiff's right to dismissal based on a business decision. *See Metro Media Entm't, LLC v. Steinruck*, Civil Action No. DKC 12-0347, 2014 U.S. Dist. LEXIS 120474 (D. Md. Aug. 27, 2014) (allowing dismissal when the Plaintiff believes a jury would find the Defendant liable for copyright infringement but the cost of moving forward may not justify the damages awarded, plus Plaintiff had concerns about evidence spoliation); *Malibu Media, LLC v. Ricupero*, 705 F. App'x 402, 408 (6th Cir. 2017) ("plaintiff's cost-benefit analysis of pursuing further litigation may serve as sufficient explanation of its dismissal."); *Bridgeport Music, Inc. v. Universal-MCA Music Publ'g, Inc.*, 583 F.3d 948, 955 (6th Cir. 2009) ("plaintiffs' cost-benefit analysis provided a reasonable explanation for seeking dismissal in these cases."); *Malibu Meida, LLC v. Shekoski*, No. 13-12217, 2015 U.S. Dist. LEXIS 63778 at *3-4 (E.D. Mich. May 15, 2015) ("The Court finds that whether Plaintiff seeks dismissal to avoid expensive litigation, or because it no

longer has a good faith belief that Defendant is the direct infringer, Plaintiff has a justifiable reason to dismiss this lawsuit.")

Other courts have found that voluntary dismissal is appropriate when the cost of litigation is too burdensome on Plaintiff or if information discovered may exculpate defendant. *See e.g.*, *Malibu Media, LLC v. Donald Adams, et al.*, Case No. 1:17-cv-08429, United States District Court for the Northern District of Illinois, CM/ECF 38 (attached hereto as Exhibit "A"), October 18, 2018; *Malibu Media, LLC v. Shekoski*, 2015 U.S. Dist. LEXIS 63778, *3–4 (E.D. Mich. May 15, 2015) ("The Court finds that whether Plaintiff seeks dismissal to avoid expensive litigation, or because it no longer has a good faith belief that Defendant is the direct infringer, Plaintiff has a justifiable reason to dismiss this lawsuit.").  Therefore, Plaintiff has no improper motive in its to move for dismissal in this case, and requests that this Honorable Court grant its request for dismissal of the Second Amended Complaint.

Therefore, Plaintiff wishes to dismiss its case with prejudice, each side bearing its own fees and costs.  Indeed, it cannot be said to further the purposes of the Copyright Act to reward a defendant where there is substantial evidence which indicates Defendant used BitTorrent to infringe copyrighted content, and in a case like this where infringing distribution on BitTorrent ended after the suit was instituted thus fulfilling the goal of getting the infringement to cease.

"Dismissal on a motion under Rule 41(a)(2) is within the sound discretion of the court." *Hoffman La Roche Inc. v. Genpharm Inc.*, 50 F. Supp. 2d 367, 371 (D.N.J. 1999) *citing Ockert v. Union Barge Line Corp.*, 190 F.2d 303 (3d Cir. 1951). Generally, a motion for dismissal "should not be denied absent substantial prejudice to the defendant." *Johnston Development Group, Inc. v. Carpenters Local Union Co.*, 728 F. Supp. 1142, 1146 (D.N.J. 1990). When the Plaintiff "specifically request[s] dismissal *with* prejudice, it has been held that the district court *must* grant that request." 9 Charles A. Wright & Arthur R. Miller § 2367 (3d ed. 2008) (emphasis added). In this case there is no prejudice to Defendants in a dismissal with prejudice of the Second Amended Complaint because there is no concern to Defendants that Plaintiff will refile suit in the future. Further, while Plaintiff respectfully requests this Honorable Court dismiss the Second Amended Complaint with each party to bear its own costs, Plaintiff also recognizes at that this Honorable Court may hold, as discussed above, that any such dismissal with prejudice of the Second Amended complaint is without prejudice to Defendants moving for attorney fees and costs under Section 505 of the Copyright Act and/or 28 U.S.C. 1920, leaving the briefing on entitlement to fees open for Defendants to pursue if they choose.

For the reasons stated above, Plaintiff respectfully requests this Honorable court not deny the pending Plaintiff's Motion to Dismiss, and permit briefing to

6

continue so that this matter may be resolved as intended pursuant to the Fl. R. Civ. P. 41(a)(2).

### B. Plaintiff Requests Dismissal of Defendants Abuse of Process Counterclaim as it Serves no Purpose Following Dismissal of the Second Amended Complaint

Defendants counterclaim for Abuse of Process is clearly calculated to leave Defendant open to moving for a fee award should they prevail. Plaintiff is confident that Defendant would not ultimately prevail on the Counterclaim for Abuse of Process but notes that the access to moving for fees may be had as a result of the Court's agreeing to dismiss the Second Amended Complaint if the Court so chooses.

Further, the Court in *Selas Corp. of Am. v. Wilshire Oil Co.*, 57 F.R.D. 3 (E.D. Pa. 1972) was faced with a similar situation to the instant matter. The Plaintiff wished to dismiss its claims and there was a pending Counterclaim for abuse of process. However, the Plaintiff sought a dismissal without prejudice. The Court ultimately decided that a dismissal with prejudice was the appropriate remedy to ensure that there was no prejudice to the defendant.

> We have … concluded that Kelley would suffer an irremediable injustice as a result of a dismissal without prejudice, namely, the effective deprivation of the opportunity to sue in malicious prosecution. A dismissal with prejudice avoids this result. […] [D]ismissal of an action with prejudice is a complete adjudication of the issues presented by the pleadings and is a bar to further action between the parties. An adjudication in favor of the defendants, by court or jury, can rise no higher than this.

*Selas Corp. of Am. v. Wilshire Oil Co.* at 7 (internal citations omitted).  The Court also declined to award attorneys fees and costs stating:

> Here, Kelley has received all the relief, and the only relief, to which he would have been entitled had this case gone to trial and been resolved in his favor. We would not have awarded Kelley attorney's fees after a trial on the merits and we can find no justification for awarding them in this analogous situation.

*Id.* (internal citations omitted).

However, while Plaintiff respectfully requests dismissal of both claims with prejudice, in the alternative Plaintiff requests this Honorable Court grant the Motion to Dismiss in part by dismissing the Second Amended Complaint with prejudice, leaving only Defendants' Counterclaim for Abuse of Process for adjudication.

WHEREFORE, Plaintiff respectfully requests this Honorable Court not deny Plaintiff's pending Motion to Dismiss and allow briefing on the Motion to Dismiss to Continue.

<u>Dated: April 17, 2019</u>

Respectfully submitted,
By:<u>   /s/ Patrick J. Cerillo               </u>
Patrick J. Cerillo, Esq.
Patrick J. Cerillo, LLC
4 Walter E. Foran Blvd., Suite 402
Flemington, NJ 08822
Attorney ID No. 01481-1980
T: (908) 284-0997
F: (908) 284-0915
pjcerillolaw@comcast.net
Attorneys for Plaintiff

**<u>CERTIFICATE OF SERVICE</u>**

      I hereby certify that on April 17, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all parties through this system.

                                                By:   /s/ *Patrick J. Cerillo*