UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**LESLIE A. FARBER, LLC**
33 Plymouth Street, Suite 204
Montclair, NJ 07042
Ph. (973) 509-8500
email: LFarber@LFarberLaw.com
Attorneys for Defendants/Counterclaimants

| | |
|---|---|
| **MALIBU MEDIA, LLC,** | Hon. William J. Martini, U.S.D.J. |
| *Plaintiff,* | Case No. 2:17-cv-01321-WJM-MF |
| vs. | CIVIL ACTION |
| **TIM McMANUS and GREENWOOD DIGITAL, LLC**, | Document Filed Electronically |
| *Defendants.* | |

## DEFENDANTS' BRIEF IN REPLY TO PLAINTIFF'S OPPOSITION TO ORDER TO SHOW CAUSE

LESLIE A. FARBER, ESQ.
        On the Brief

                        LESLIE A. FARBER, LLC
                        33 Plymouth Street, Suite 204
                        Montclair, NJ 07042
                        email: LFarber@LFarberLaw.com
                        Attorneys for Defendants/Counterclaimants

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

LEGAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

 PLAINTIFF'S COMPLAINT AND DEFENDANTS' COUNTERCLAIM SHOULD
 NOT BE DISMISSED BECAUSE DEFENDANTS' ABUSE OF PROCESS
 COUNTERCLAIM IS SEPARATE AND DISTINCT FROM PLAINTIFF'S
 COMPLAINT, AND BECAUSE DEFENDANTS HAVE SUFFERED HARM AND
 WOULD BE PREJUDICED BY DISMISSAL OF ANY CLAIMS. . . . . . . . . . . . . . . . . 4

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

i

## STATEMENT OF FACTS

Defendants adopt the Court's recitation of facts in its Order to Show Cause entered April 11, 2019 (ECF No. 57) and add the following:

Nearly one (1) year ago, on behalf of defendant Tim McManus, defense counsel sent plaintiff's counsel a discovery deficiency letter which mentioned several lacking or deficient responses that otherwise would help Mr. McManus defend against plaintiff's allegations, and prove his affirmative defenses and counterclaim. *See* Letter dated June 6, 2018 (hereinafter "Exhibit A"). No response.

After plaintiff amended its Complaint to add Greenwood Digital LLC as a defendant, defendants sent plaintiff additional discovery requests on December 18, 2018, specifically pertaining to that defendant. *See* Greenwood Digital Interrogatories and Notice to Produce Documents (hereafter "Exhibit B"). Although there is some overlap of the discovery defendants seek in order to defend against plaintiff's allegations with the discovery sought to prosecute defendants' Counterclaim, the information and documents defendants seek from plaintiff are necessary to prove defendant's Counterclaim for abuse of process. *See* Declaration of Leslie A. Farber, Esq., annexed hereto. Plaintiff has not responded to Greenwood Digital's discovery requests. One of the reasons for hese discovery requests is to show that plaintiff never had a good faith belief it would prevail in its claims against either defendant and because it may never have had documents and things defendants seek without which plaintiff could not prove its case.

At the conclusion of recent in-person and telephone conferences with Magistrate Judge Falk, just before defense counsel left for vacation in mid-March 2019, followed by plaintiff counsel's vacation, both counsel were to call the Court to work out a revised discovery schedule, which included defendants seeking to compel existing and additional discovery responses from

1

plaintiff, along with depositions.  *See* Farber Certif.  Instead, plaintiff filed its instant motion to dismiss its complaint and defendants' counterclaim.  Defendants have not consented to the dismissal of any claims in this case.

Defendants have suffered financial harm by having to expend substantial sums for counsel fees to defend against the allegations in plaintiff's Complaint and in pursuit of their Counterclaim.  In addition, by the mere existence of plaintiff's lawsuit against defendant Tim McManus, Mr. McManus's reputation and ability to secure business have been negatively affected.  He states in his Certification that one of his students at Fordham University alerted him that a Google search of the phrase "Tim McManus Greenwood Digital" returns a link to Malibu Media's false accusations against him, and that it is a challenge explaining to students that he did not download the titles outlined in plaintiff's Complaint, and that plaintiff's accusations have harmed his reputation since he cannot say (yet) that he won a favorable judgement in the case. *See* Certification of Tim McManus. In addition, Mr. McManus' company Greenwood Digital, LLC (the other defendant in the case), works with enterprise and government data, that any question regarding Greenwood Digital's handling of data has significant and lasting impact on the company's and Mr. McManus' personal reputation, and that plaintiff's accusations and this case bring into question Greenwood Digital's handling of plaintiff's copyrighted materials, which are data.  *Id.*

Mr. McManus further states that he and Greenwood Digital are fighting this case on its merits in order to seek a favorable judgement from the Court, that such a judgement would validate that Greenwood Digital and he did not infringe on plaintiff's copyrighted material (data), and that Malibu Media erred in bringing litigation against both.

2

Notably, earlier in this case, plaintiff took the position that "a corporate entity itself does not commit copyright infringement," which is why it initially named Tim McManus in its Complaint and not Greenwood Digital.  *See* Plaintiff's Reply in Support of Plaintiff's initial Motion to Dismiss both of Tim McManus' Counterclaims (ECF No. 28 at 15-16).  But plaintiff amended its Complaint to add the corporate entity Greenwood Digital LLC as a defendant anyway.

**LEGAL ARGUMENT**

**PLAINTIFF'S COMPLAINT AND DEFENDANTS' COUNTERCLAIM SHOULD NOT BE DISMISSED BECAUSE DEFENDANTS' ABUSE OF PROCESS COUNTERCLAIM IS SEPARATE AND DISTINCT FROM PLAINTIFF'S COMPLAINT, AND BECAUSE DEFENDANTS HAVE SUFFERED HARM AND WOULD BE PREJUDICED BY DISMISSAL OF ANY CLAIMS.** FED. R. CIV. P. 41.

Plaintiff's motion is based on the false premise that merely dismissing plaintiff's complaint means there is no legal harm or prejudice to defendants, and that dismissing plaintiff's claims against defendants renders defendants' Counterclaim for abuse of process to be moot. Nothing could be further from the truth. As plaintiff is well aware, in the parties' last conference with the Court before defense counsel left for vacation, followed by plaintiff counsel's vacation, the parties were to call the Court to work out a revised discovery schedule, which included defendants' seeking discovery from plaintiff, some of which plaintiff said it would produce, but later refused to produce (PCAP files). *See* Exhibit A.

Defendants' outstanding discovery demands and planned depositions are important to proving their abuse of process counterclaim which, if successful, would result in a judgment against plaintiff for more than just counsel fees, regardless of whether plaintiff's claims against defendants are active. Moreover, despite the knowing frivolity of plaintiff's claims against these defendants immediately after the case was filed, plaintiff's brief makes the false allegations in its Motion and response to the Court's Order to Show Cause that "Defendants are sophisticated IT professionals with the knowledge to hide infringing activity." One of the reasons these discovery requests are so important is to show that plaintiff never had a good faith belief it would prevail in its claims against either defendant and because it may never have had documents and things defendants seek without which plaintiff could not prove its case.

Defendants have been severely prejudiced by being forced to expend substantial sums of money and time to defend against plaintiff's claims and pursue their Counterclaims.  In addition, by the mere existence of plaintiff's lawsuit against defendant Tim McManus, Mr. McManus's reputation and ability to secure business have been negatively affected.  He states in his Certification that one of his students at Fordham University alerted him that a Google search of the phrase "Tim McManus Greenwood Digital" returns a link to Malibu Media's false accusations against him, and that it is a challenge explaining to students that he did not download the titles outlined in plaintiff's Complaint, and that plaintiff's accusations have harmed his reputation since he cannot say (yet) that he won a favorable judgement in the case.  *See* Certification of Tim McManus. In addition, Mr. McManus' company Greenwood Digital, LLC (the other defendant in the case), works with enterprise and government data, that any question regarding Greenwood Digital's handling of data has significant and lasting impact on the company's and Mr. McManus' personal reputation, and that plaintiff's accusations and this case bring into question Greenwood Digital's handling of plaintiff's copyrighted materials, which are data. *Id.*

Mr. McManus further states that he and Greenwood Digital are fighting this case on its merits in order to seek a favorable judgement from the Court, that such a judgement would validate that Greenwood Digital and he did not infringe on plaintiff's copyrighted material (data), and that Malibu Media erred in bringing litigation against both.

Notably, earlier in this case, plaintiff took the position that "a corporate entity itself does not commit copyright infringement," which is why it initially named Tim McManus in its Complaint and not Greenwood Digital.  *See* Plaintiff's Reply in Support of Plaintiff's initial Motion to Dismiss both of Tim McManus' Counterclaims (ECF No. 28 at 15-16).  But it

5

amended its Complaint to add the corporate entity Greenwood Digital LLC as a defendant anyway.

Thus, it is likely that defendants need an adjudication of plaintiff's claim on the merits, especially where plaintiff's brief continues to make accusations against defendants of hiding infringing activity.  Defendants also need discovery from plaintiff in order to bolster the already known facts in the case in order to prove their Counterclaim for abuse of process.

Accordingly, the Court should deny plaintiff's Motion to Dismiss its Complaint and defendants' Counterclaim.

**CONCLUSION**

The Court should deny plaintiff's Motion to Dismiss its Complaint and defendants'

Counterclaim for all of the foregoing reasons and those contained in the Court's Order to Show

Cause entered April 11, 2019 [ECF No. 57].

Respectfully submitted,
LESLIE A. FARBER, LLC

/s/ Leslie A. Farber

Dated: April 22, 2019          By:     Leslie A. Farber
                                        email: LFarber@LFarberLaw.com

7