# LESLIE A. FARBER, LLC
ATTORNEYS AT LAW

ACADEMY SQUARE
33 PLYMOUTH STREET, SUITE 204
MONTCLAIR, NEW JERSEY 07042-2607
973.509.8500 x 213
973.860.1174 (fax)

E-mail: LFarber@LFarberLaw.com
Web page: www.LFarberLaw.com

June 6, 2018

Patrick J. Cerillo, Esq.
4 Walter Foran Boulevard, Suite 402
Flemington, NJ 08822

Re:   **Malibu Media v. Tim McManus**
      **Case No. 2:17-cv-01321-WJM-MF**

Dear Mr. Cerillo:

Defendants are in receipt of plaintiff's responses to defendants' Interrogatories and Notice to Produce Documents and find them wholly deficient in many respects as identified below. Please provide complete responses within the next ten (10) days to avoid intervention by the Court.

<u>Request for Production of Documents</u> (Notice to Produce)

1.    Plaintiff's response is improper as it fails to provide a privilege log and supply any non-privileged documents. Moreover, any non-privileged documents concerning the alleged infringements in this case certainly are relevant.

2.    A fee agreement and other documents between the plaintiff and a witness is neither attorney work product, nor overbroad since defendant is entitled to see the manner and amount the witness is being paid, especially if it is a contingency fee arrangement. Moreover, defendant only seeks such documents related to *this* case. Disclosure of these documents is specifically subject to disclosure per FRCP 26(b)(4)(C)(i).

3.    Plaintiff's objection that proof of copyright registration is irrelevant or inadmissible is totally frivolous. It has been almost two (2) months since plaintiff said it will produce these documents, but none have been forthcoming. Supply the requested documents immediately.

4.    Licensing and distribution agreements are relevant to whether or not another person or entity had permission to use the allegedly copyrighted works and upload them to a BitTorrent

Patrick J. Cerillo, Esq.
June 6, 2018
Page 2

which is the essence of several of defendant's affirmative defenses. Defendant would agree for these documents subject to a protective order.

5. Sales information is relevant both to plaintiff's allegation that it seeks to actually protect the copyrighted worked that it sells or licenses through its website (as opposed to being merely a copyright troll), and to see which foreign persons or entities are uploading the works to BitTorrent website(s). Defendant agrees to limit the time period to 2 years before and 1 year after plaintiff filed its Complaint in this case.

6. If plaintiff actually tracked defendant downloading plaintiff's works, it certainly would know which BitTorrent sites the works were downloaded from. Provide a complete response top this Request.

7. Despite the fact that plaintiff's objections are groundless and frivolous, it has been nearly 2 months since plaintiff stated that it would provide the requested documents.

8-9. Nothing in the FRCP 26(b)(4)(C) prevents disclosure of the investigative documents which form the basis of plaintiff's Complaint. Provide a complete response top this Request.

10. It has been almost two (2) months since plaintiff said it will produce the ISP's subpoena response, but none have been forthcoming. Supply the requested documents immediately.

11. Defendant is willing to supply plaintiff with a protective order for the release of all agreements between Malibu Media and IPP.

12. Nearly two (2) months ago, plaintiff said it will produce "one PCAP per each work infringed, .tar files, .torrent files, any technical reports generated by Excipio, the MySQL log file, and the Additional Evidence," but nothing has been produced to date. Supply the requested documents immediately.

13. According to the Wikipedia description of "Torrent file," "announce" is "the URL of the tracker." See https://en.wikipedia.org/wiki/Torrent_file . Obviously, Malibu Media or its expert vendor has access to this.

14. Although plaintiff may not be in control of software used by plaintiff's vendor, plaintiff purportedly relied on this software in forming the basis for the allegation in plaintiff's Complaint. Therefore, plaintiff is required to provide this.

15. Whether or not the request documents or files sought are also in defendant's possession Excipio is plaintiff's expert/vendor relied on by plaintiff in making the allegations in plaintiff's Complaint. Therefore, plaintiff is required to produce this.

LESLIE A. FARBER, LLC

Patrick J. Cerillo, Esq.
June 6, 2018
Page 3
_____


16.     Plaintiff's response to this request is non-responsive and frivolous. Respond with the requested documents which clearly are discoverable.

17.     Plaintiff's response to this request is non-responsive and frivolous. Respond with the requested documents which clearly are discoverable.

19.     Nearly 2 months ago, plaintiff stated that it would provide Mr. Paige's expert report and engagement agreement, but neither has been forthcoming. Supply the requested documents immediately.

21.     "Torrent descriptor" is defined in the 2nd paragraph of the Wikipedia entry for BitTorrent. *See* https://en.wikipedia.org/wiki/BitTorrent. Certainly Malibu Media and its vendors and experts are familiar with this common term.

22-23, 26-27-28.     Plaintiff's objections are frivolous since these requests are for documents tending or disprove the allegations in plaintiff's Complaint. Nearly 2 months ago, plaintiff said it would produce the requested documents, but none have been forthcoming. Supply the requested documents immediately.

29.     There is nothing vague or overbroad about this request since it requests documents related to the allegations in plaintiff's Complaint.

30.     Nearly 2 months ago, plaintiff said it would produce the requested documents, but none have been forthcoming. Supply the requested documents immediately.

32.     Plaintiff is required to produce a log of all documents which plaintiff claims are privileged. Plaintiff still has failed to produce a privilege log.

33.     There is nothing overly broad or burdensome to seeking non-privileged communications concerning the alleged infringements in THIS case. Obviously this is relevant and admissible evidence or could lead to admissible evidence. Also, plaintiff failed to provide a privilege log.

34.     Plaintiff again fails to provide a log of any the documents sought which plaintiff alleges are privileged. Also types of the requested communications are not considered privileged per FRCP 26(a)(B), but none were provided. Moreover, nearly 2 months ago, plaintiff stated that it would provide Mr. Paige's expert report and engagement agreement, but neither has been forthcoming. Supply the requested documents immediately.

37.     Although plaintiff itself may not be in physical possession of the requested item, it certainly is in control of it since plaintiff's investigator would have this. Plaintiff is responsible for obtaining this, especially when the entity is beyond the subpoena reach of this Court.

LESLIE A. FARBER, LLC

Patrick J. Cerillo, Esq.
June 6, 2018
Page 4

38.     Plaintiff does not get to decide what is relevant or inadmissible. The requested documents are both relevant and admissible since the applications are likely to contain useful information about the films plaintiff claims are copyrighted works.

39.     Excipio is plaintiff's vendor/expert and who plaintiff allegedly relied on for the allegations in plaintiff's Complaint.  Since plaintiff has access to the requested documents, defendant is not required to go to third parties, especially when such parties coincidentally are beyond the subpoena reach of this Court.

40.     The requested documents are relevant to what other persons or entities may have been in the same swarms in which this defendant allegedly downloaded plaintiff's works, for which defendant is entitled to an offset in the amount of any settlements or judgments involving the same film(s).  Plaintiff would agree to a confidentiality/protective order for the production of these documents.

41.     Plaintiff failed to supply any declaration from Michael Patzer.  Please do so immediately.

42.     Since plaintiff claims to be legitimately in the business of selling subscriptions to stream or download videos from its website, it is beyond credulity that plaintiff would fail to keep a record of such streams and downloads.  Supply the requested documents.

43.     Since plaintiff and its experts are in the business, they would know that "hash collisions" are commonly defined as "different keys that are assigned by the hash function to the same bucket." *See, e.g.,* https://en.wikipedia.org/wiki/Hash_table  Provide the requested documents.

45.     Nearly 2 months ago, plaintiff said it would produce the requested documents, but none have been forthcoming.  Supply the requested documents immediately.

46.     The requested documents are relevant to what other persons or entities may have been in the same swarms in which this defendant allegedly downloaded plaintiff's works, for which defendant is entitled to an offset in the amount of any settlements or judgments involving the same film(s).  Nearly 2 months ago, plaintiff said it would produce the requested documents, but none have been forthcoming.  Supply the requested documents immediately

47.     Plaintiff's response is improper as it fails to provide a privilege log and supply any non-privileged documents.  Nevertheless, since plaintiff itself is not associated with the IP address identified in plaintiff's Complaint, no communications requested could possibly be privileged. Whether or not defense counsel already has some or all of the requested documents is irrelevant.

48.     There is nothing vague about this request.  Nevertheless, by common English language definitions, "every other download" would consist of downloads of plaintiff's work by persons other than this defendant.  Supply the requested documents.

LESLIE A. FARBER, LLC

Patrick J. Cerillo, Esq.
June 6, 2018
Page 5
_____

49. By plaintiff's response, plaintiff is admitting to spoliation of evidence.

53. Excipio is plaintiff's vendor/expert and who plaintiff allegedly relied on for the allegations in plaintiff's Complaint.  Since plaintiff has access to the requested documents, defendant is not required to go to third parties, especially when such parties coincidentally are beyond the subpoena reach of this Court.

55. Excipio is plaintiff's vendor/expert and who plaintiff allegedly relied on for the allegations in plaintiff's Complaint.  Since plaintiff has access to the requested documents, defendant is not required to go to third parties, especially when such parties coincidentally are beyond the subpoena reach of this Court.

57. Whether or not defendant also has the documents or materials requested has nothing to do with plaintiff's obligation to respond to this request.  Moreover, it is crucial to see just plaintiff claims it obtained from defendant's computer.  Respond with the requested documents and materials immediately.

Interrogatories

2. The requested information is relevant to what other persons or entities may have been in the same swarms in which this defendant allegedly downloaded plaintiff's works, for which defendant is entitled to an offset in the amount of any settlements or judgments involving the same film(s).  Despite the fact that defendant would not be able to obtain the information sought from Pacer, whether or not defendant might be able to obtain the information from another source is irrelevant.  Supply the requested information.

3. The requested information is relevant to what other persons or entities may have been in the same swarms in which this defendant allegedly downloaded plaintiff's works, for which defendant is entitled to an offset in the amount of any settlements or judgments involving the same film(s).  Despite the fact that defendant would not be able to obtain the information sought from Pacer, whether or not defendant might be able to obtain the information from another source is irrelevant.  Whether plaintiff is seeking statutory damages has nothing to do with this. Supply the requested information.  Any information sought which is subject to a confidentiality order can be resolved by way of protective order.

4. Even if plaintiff does not have the IP address, U.S. District Court, case number, and names for each person or entity, plaintiff must supply the information for the ones it does have.

5. Even if plaintiff does not have the IP address, U.S. District Court, case number, and names for each person or entity, plaintiff must supply the information for the ones it does have, including IPP International UG.

LESLIE A. FARBER, LLC

Patrick J. Cerillo, Esq.
June 6, 2018
Page 6

6-9. Excipio is plaintiff's vendor/expert and who plaintiff allegedly relied on for the allegations in plaintiff's Complaint. Since plaintiff has access to the requested documents, defendant is not required to go to third parties, especially when such parties coincidentally are beyond the subpoena reach of this Court. Further, no declaration of Michael Patzer was supplied.

10. Plaintiff's answer to this Interrogatory is non-responsive since defendant asks for a description of each step in the process. Provide a fully responsive answer to this Interrogatory.

12. Defendant's answer to this Interrogatory is clearly frivolous and the information sought clearly is relevant since seeking a description of the evidence plaintiff has of completed download is obviously relevance to defendant's defenses regarding de minimis downloads or infringements.

14. Plaintiff does not get to decide whether file sizes are relevant or whether it makes sense for a person to download part or all of a movie file, and whether that comports with the supposed purpose of BitTorrent. Excipio is plaintiff's vendor/expert and who plaintiff allegedly relied on for the allegations in plaintiff's Complaint. Since plaintiff has access to the requested documents, defendant is not required to go to third parties, especially when such parties coincidentally are beyond the subpoena reach of this Court.

15. Merely referring to allegations in plaintiff's Amended Complaint is unresponsive to this Interrogatory. Moreover, no declaration of Michael Patzer was supplied. Provide a fully responsive answer to this Interrogatory.

16. No declaration of Michael Patzer was supplied. Nearly 2 months ago, plaintiff said it would produce the requested documents, but none have been forthcoming.

17. The information is quite relevant to see whether any of plaintiff's affiliates or experts is involved, and there is nothing burdensome about this.

18. Obviously, this Interrogatory was not referring to any unapproved locations. Provide a fully responsive answer.

19. The information sought relates to which or person or entity might have seeded plaintiff's alleged works. Therefore, the information sought is relevant and can be provided under a protective order to maintain confidentiality.

21. Plaintiff's objection is clearly frivolous since plaintiff is well acquainted with the legal definition of the word "admission." Nevertheless, Blacks's Law Dictionary defines "admission" as "A voluntary acknowledgment, confession, or concession of the existence of a fact or the truth of an allegation made by a party to the suit."

LESLIE A. FARBER, LLC

Patrick J. Cerillo, Esq.
June 6, 2018
Page 7

22.     Even though plaintiff is not required to produce a copy of the statement, plaintiff is required to provide the name and address of the person who made the statement, as well as information as to who was present, whether it was in writing, etc.  This information is not attorney work product.

                                                Very truly yours,

                                                Leslie A. Farber

LAF:beg

LESLIE A. FARBER, LLC