UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**LESLIE A. FARBER, LLC**
33 Plymouth Street, Suite 204
Montclair, New Jersey 07042
Ph. (973) 509-8500
eMail: LFarber@LFarberLaw.com
Attorneys for Defendants

| | |
|---|---|
| **MALIBU MEDIA, LLC,**<br><br>*Plaintiff,*<br><br>v.<br><br>**TIM McMANUS** and **GREENWOOD DIGITAL, LLC**,<br><br>*Defendant.* | Case No. 2:17-cv-01321-WJM-MF<br><br>CIVIL ACTION<br><br>**DEFENDANT GREENWOOD DIGITAL'S INTERROGATORIES TO PLAINTIFF** |

TO:   Patrick J. Cerillo, Esq
      4 Walter Foran Boulevard, Ste. 402
      Flemington, NJ 08822
      eMail: pjcerillolaw@comcast.net
      *Attorney for Plaintiff*

   PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 33, defendant Greenwood Digital, LLC, demands that plaintiff furnish written answers to the following Interrogatories under oath, providing all documents necessary for complete answers and basing each answer on and upon all knowledge of plaintiff and its agents, subcontractors, representatives, and employees.   Defendant demands that all documents relied upon or referred to in answering said Interrogatories be identified and produced for inspection and copying by defendant.   Defendant demands that plaintiff answer these Interrogatories according to the General Instructions and employing the definitions which follow, within the time required by the Federal Rules of Civil Procedure

                              LESLIE A. FARBER, LLC
                              Attorneys for Defendants

                        By:   /s/ Leslie A. Farber
Dated: December 28, 2018      Leslie A. Farber

1

## INSTRUCTIONS

1. If the answer to any part of an Interrogatory is not presently known or available, furnish all information currently known or available, specify each portion of the Interrogatory that cannot be completely answered, and respond to the entire Interrogatory by supplemental answer in writing and under oath from time-to-time thereafter, within a reasonable time period from the time that any additional responsive information becomes known or available.

2. To the extent that an Interrogatory calls for information to be provided in more detail than is available, respond to such Interrogatory by providing all information responsive thereto, in whatever detail is available. A negative response to an Interrogatory will be understood to be a representation that you have no responsive information in any lesser detail.

3. Each of these Interrogatories shall be continuing to the full extent authorized by pursuant to Federal Rules of Civil Procedure. If at any time after serving your answers to these Interrogatories any information becomes available that calls for any supplement or amendment to, or any modification, deletion, explanation, or amplification of, a previous answer, or other additional information responsive to any Interrogatory or part thereof becomes available, provide such additional information in writing and under oath within a reasonable time period from the time when it becomes available.

4. If in answering any of these Interrogatories you encounter any ambiguity in construing either the Interrogatory or a definition or instruction relevant to the Interrogatory, please set forth the matter ambiguous and the construction selected or used in answering the Interrogatory.

5. If you feel that any Interrogatory seeks information of document(s) which may be protected by a privilege, provide a privilege log which includes reference to the information or document(s) sought, the type and reason for the privilege being invoked, the date of the information or document(s), who possesses the information or document(s), and a general description of the information or document(s) alleged to be privileged.

6. All Interrogatories, unless otherwise specifically directed, are with reference to the allegations in plaintiff's Complaint, defendant's Answer and any defenses thereto.

7. Words or terms used in the singular shall include the plural or such words or terms.

8. When identifying a document, state the date, author or originator, subject matter, addressee(s), type of document (*e.g.*, letter, memorandum, telegram, chart, etc.) or some other means of identifying it, and its present location and custodian. If any document was, but is no longer in your possession or subject to your control, state what disposition was made of it.

## DEFINITIONS

1. Person or individual or recipient includes natural persons, sole proprietorships, corporations, firms, partnerships, unincorporated associations, trusts, and any other legal entity.

2. The terms document, written, writing, and other tangible thing are used herein in the broadest sense permitted by the New Jersey Rules of Court and include, but are not limited

1

to, letters, notes, facsimile transmissions, memoranda, user manuals, pamphlets, computer-stored textual type or digital encoded files stored on disk, tape or other magnetic media, electronic mail, E-mail, optical disk, video tape, any social or business networking website, or the like.   All attachments and/or enclosures to a document or other tangible thing are deemed to be part of such document or other tangible thing.

3. The term communication or communicating includes, but is not limited to, conversations, meetings, telephone calls, electronic mail, voice mail, text messages, written correspondence, and all other methods by which words, pictures, graphics and/or other information are conveyed from one person to another or others.

4. The term identify means:

a. When used in reference to an entity, to state the entity's current or last known full business name and all previous registered and/or operating names, if any;   its principal place of business;   its present or last known business address;   the nature of the business;

b. When used in reference to an oral communication, act, meeting, transaction, event, occasion or instance, to state its date and place of occurrence (or, if a telephone call is involved, so state and provide the location of all parties to such telephone call and identify the person who initiated it), the identity of each person participating therein, whom each such person participating therein represented or purported to represent, the substance of what transpired or was said, and the identity of all documents summarizing, recording, reflecting, reporting or containing a reference to it;

c. When used in reference to a natural person, to state the person=s full name, the name of the person's employer, the person's title, business address and business phone number, or the person's residence address and phone number if the person is unemployed;

d. In any other context, to describe fully.

5. Refer, relate, or regarding means constituting, analyzing, describing, discussing, reporting or commenting on, inquiring about, setting forth, explaining, considering, referring to, relating to, pertaining to, mentioning, or alluding to, in whole or in part.

6. Whenever it is necessary to bring within the scope of the information or documents requested herein, information, communications or documents that otherwise might be construed to be outside their scope (1) the use of and as well as or shall be construed both disjunctively and conjunctively;   (2) the use of a word in its singular form shall be construed to include within its meaning its plural form, and vice versa;   (3) the use of a verb in any tense or voice shall be construed as the use of that verb in all other tenses and voices;   (4) references to the masculine shall include the feminine and vice versa;   (5) each shall be construed to include the word every and shall be construed to include the word each; and   (6) any shall be construed to include the word all and all shall be construed to include the word any.

7. "File" and "Files" means the complete file, folder, binder, or other filing system, and all documents contained therein as of the date of the deposition, and all documents not

physically in the file, folder, binder, or other filing system that are normally kept within the file, folder, binder, or other filing system in the normal course of business.

8. "ISP" means the Internet Service Provider who assigned the IP address to defendant's name and physical address.

9. "Work" or "Works" means the copyrighted movies listed in the Second Amended Complaint and Exhibits A and B to the Second Amended Complaint.

10. "Swarm" is an interconnected web of information or data flowing between users utilizing BitTorrent to share or make available for download or upload the same file or group of files.

11. Plaintiff's investigators refers to IPP International UG ("IPP") and/or Excipio GmbH ("Excipio").

12. Including means including, but not limited to.

13. Unless otherwise specified, plaintiff refers to the plaintiff, its agents, employees and representatives, collectively, or any of them.

14. Unless otherwise specified, you refers to the party(ies) to whom these Interrogatories are directed.

15. For purposes of these Interrogatories, the words utilized are considered to have, and should be understood to have their ordinary, everyday meaning. Defendant refers plaintiff to any collegiate dictionary such as *Webster's New World Dictionary,* Second College Edition by Prentice-Hall Press.

## INTERROGATORIES

1. Identify all persons or business entities that have an interest, financially, or otherwise, in this litigation, including, but not limited to, owners or members of plaintiff, counsel for Malibu Media, forensic consultants, and/or witnesses, or to whom payment for any settlements are sent to, and specifically and in detail describe the nature of the interest.

2. Identify each person having knowledge or documents pertaining to the files and films allegedly downloaded or streamed by or authorized to do so by these defendants (or either of them), the alleged detection of the download(s) or stream(s) of the file(s) by these defendants (or either of them), and any person having knowledge or documents pertaining to any investigation of the facts surrounding the alleged download(s).

3. Identify and list each and every past and pending action brought by Malibu involving each File Hash and film title listed in Exhibits A and B to plaintiff's Complaint, including the specific district court, and case number for each.

4. Provide the total number of alleged infringers who settled with plaintiff or whom plaintiff obtained a judgment against, and the amount of money obtained in each settlement or judgment identified in your answer to Interrogatory 3. Note: Defendants understand the confidential nature of settlements entered into, and does not request the identity of those persons who have settled in this action, or any other action involving the so-called swarms complained of.

5. Identify by IP address and U.S. District Court and case number (if any) for each person or entity that was part of any swarm in which this defendant was a participant involving the alleged downloads described in plaintiff's Second Amended Complaint in this case.

6. Identify each step taken by plaintiff and/or IPP International UG ("IPP") and Excipio GmbH ("Excipio"), and/ or any contractor, subcontractor or affiliated entity, to investigate IP addresses, and/or otherwise operate the forensic software and related technology for the scanning of peer-to-peer networks in this case.

7. Explain how the forensic software utilized by plaintiff's investigators works, including what the exact process is, the goal of the software, and how the software meets that goal.

8. Identify and describe plaintiff's investigators' software validation process (or other process through which the accuracy of the software is tested) for the forensic software and related technology, including, but not limited to, how the process was developed and by whom, who within plaintiff's investigators perform or oversee the process, how often the validation is performed, how often the software is updated, and identify when all of these steps took place during the time period enumerated in plaintiff's Complaint.

9. Identify each step involved in the extraction and review of data through the use of forensic software for purposes of IP address identification; including, but not limited to: the elements of the swarm alleged to have downloaded and uploaded the works, the initial seeder file and the torrent descriptor used; the identically sized groups of bits or pieces of the downloaded files; a list of the hashes attached to each piece; the identification of all tracker computers that provided peers with the URL address; whether a centralized tracker or decentralized tracker was used; and if centralized who held the file and where.

10. Identify in detail each step involved in the identification of the individual computer within a private network, wired or wireless, by use of IP address tracking software, that was utilized in this case.

11. Identify the individual computer device(s) MAC Address to which you allege defendant has downloaded the works, including all facts supporting this allegation.

12. Describe in detail all evidence in plaintiff's possession that defendant successfully downloaded a complete and working copy of each of the works, or any part thereof.

13. Provide all facts, information or details whatsoever tending to show or prove that this defendant, as opposed to someone else having access to this defendant's internet service or router, committed a volitional act of copyright infringement.

14. Identify and describe in detail all facts supporting each allegations contained in paragraphs 17-37, 39-40, 42-44, 48-53, and 55-64 of plaintiff's Second Amended Complaint.

15. Has any employee, officer, or agent of Malibu Media or any of plaintiff's investigators participated in BitTorrent downloading or peer to peer file-sharing within the time period described in the Second Amended Complaint, and if Yes, identify all such persons and the time, date, location, and identity of the files uploaded and downloaded, and for what purpose (*e.g.*, personal purposes, within the scope an employment relationship, etc.).

16. Identify by IP address and location where any of the .torrent files identified by plaintiff in this case are hosted, and whether any of the .torrent files are hosted by Malibu Media or IPP, Excipio, or any other person or entity.

17. Identify each location where Malibu Media's works are available to the public, whether through an authorized licensing or subscription relationship or otherwise.

18. Identify all companies and websites that Malibu Media has relationships with related to licensing, marketing, or advertising the works, and identify the nature of the relationship, the date of the inception, and the duration of the relationship.

19. Identify who within Malibu Media is responsible for making licensing arrangements relating to copyrights.

20. For each admission made regarding the material facts forming the subject of this lawsuit by any party to this action (or any agent of any party to this action), set forth the date on and place of the admission, the name and address of the person who made the admission, the name and address of the person who heard, reported or was present during the admission, and the substance of the admission.

21. If plaintiff or its attorneys, or agent(s) have obtained any statements in any form, from any person, regarding the material facts forming the subject of this lawsuit, set forth in detail for each such statement the date on and the place where the statement was made, name and address of the person who gave said statement, name and address of the person who took such statement, name and address of each person who was present when such statement was taken, substance of the statement, and whether the admission was in writing.

22. Identify all persons who have been retained or specifically employed or consulted in anticipation of this litigation or preparation of trial and who will *not* be called as witnesses at trial (excluding counsel for the defendants), including the subject matter on which he or she was retained, employed or consulted, the person's field of expertise, a detailed description of all oral reports, conclusions or comments ever prepared by the person with respect to the subject matter of this litigation.

23. Identify each person and/or entity involved in tracking the uploading and downloading of the works, including but not limited to, all present and former employees of any of plaintiff's investigators who have been engaged by plaintiff for purposes of investigating copyright infringement during the time period of the alleged infringement.

24. Provide all instructions Malibu Media or its agents provides to plaintiff's investigators about to locate plaintiff's copyrighted materials on the Internet.  For example, Does plaintiff provide investigators with the initial HASH of plaintiff's original works? Or does investigator search torrent sites for the title of plaintiff's content?

## CERTIFICATION

  I, _____, certify under penalty of perjury under the laws of the United States of America that I am authorized to sign the foregoing Responses to the Interrogatories propounded upon this party and know the content thereof, and certify the same on behalf of this party that said Responses were prepared with the assistance of other representatives of this party, that said Responses, subject to inadvertent or undiscovered errors, are based upon, and therefore, limited by the records and information still in existence, presently recollected and thus far discovered in the course of the preparation of these Responses; that, consequently, this party reserves the right to make changes in the Responses if it appears at any time that omissions or errors have been made therein or that more accurate information is available; that subject to the limitations set forth therein, said Responses are true to the best of my knowledge, information and belief, but are not necessarily based on my personal knowledge.

  I further hereby certify that the copies of the written reports or complete summaries of any oral reports of expert witnesses, annexed hereto, are exact copies of the entire report or reports or complete summaries of any oral report or reports rendered by them; that the existence of other reports of expert witnesses, either written or oral, are unknown to me; and that if such reports become later known or available, I shall serve them promptly upon the propounding party, but in no case later than the time prescribed by the court rules.

  I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing is willfully false, I am subject to punishment.

Dated: _____

_____
Title

CERTIFICATE OF SERVICE

I hereby certify that on December 28, 2018, a true and correct copy of the foregoing document was served via U.S. Mail and/or email to the following:

>Patrick J. Cerillo, Esq.
>4 Walter Foran Blvd., Ste. 402
>Flemington, NJ 08822
>eMail: pjcerillolaw@comcast.net

Dated:  December 28, 2018

/s/ Leslie A. Farber
Leslie A. Farber

9

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**LESLIE A. FARBER, LLC**
33 Plymouth Street, Suite 204
Montclair, New Jersey 07042
Ph. (973) 509-8500
Attorneys for Defendants
eMail: LFarber@LFarberLaw.com

| | |
|---|---|
| **MALIBU MEDIA, LLC,**<br><br>*Plaintiff,*<br><br>v.<br><br>**TIM McMANUS and GREENWOOD DIGITAL, LLC,**<br><br>*Defendant.* | Case No. 2:17-cv-01321-WJM-MF<br><br>CIVIL ACTION<br><br>**DEFENDANT GREENWOOD DIGITAL'S NOTICE TO PRODUCE TO PLAINTIFF** |

TO:   Patrick J. Cerillo, Esq
      4 Walter Foran Boulevard, Ste. 402
      Flemington, NJ 08822
      eMail: pjcerillolaw@comcast.net
      *Attorney for Plaintiff*

   PLEASE TAKE NOTICE that, pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant Greenwood Digital, LLC, requests that plaintiff produce the documents set forth on the annexed Schedule of Documents to be Produced at the Law Office of Leslie A. Farber, 33 Plymouth Street, Suite 204, Montclair, New Jersey 07042, or such other location as otherwise agreed by the parties pursuant to the Federal Rules of Civil Procedure.   Defendant requests that plaintiff produce these documents according to the General Instructions and employing the Definitions that follow, within the time and in the manner prescribed by the Federal Rules of Civil Procedure.

                                LESLIE A. FARBER, LLC
                                Attorney for Defendants

                         By:    /s/ Leslie A. Farber
Dated: December 28, 2018        Leslie A. Farber

**INSTRUCTIONS**

   1.   If a portion of the document(s) requested is not presently known or available, furnish all documents currently available, specify each document interrogatory that cannot be

produced, and respond to the entire document request by supplemental response to this request within a reasonable time period from the time that any additional responsive documents become available.

      2.     A negative response to a document request will be understood to be a representation that you have no responsive documents.

      3.     Each of these document requests shall be continuing to the full extent authorized by Federal Rules of Civil Procedure.   If at any time after serving your response to this document request any responsive document becomes available that calls for any supplement or amendment to, or any modification, deletion, explanation, or amplification of, a previous response, or other additional responsive documents to any request or part thereof becomes available, provide such additional documents within a reasonable time period from the time when they becomes available.

      4.     If in responding to any of these document requests you encounter any ambiguity in construing either the document request or a definition or instruction relevant to the request, please set forth the matter ambiguous and the construction selected or used in responding to the request.

      5.     If you feel that any interrogatory seeks information or document(s) which may be protected by a privilege, provide a privilege log which includes reference to the information or document(s) sought, the type and reason for the privilege being invoked, the date of the information or document(s), who possesses the information or document(s), and a general description of the information or document(s) alleged to be privileged.

      6.     When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material.   If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed.   When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration.   Any redaction must be clearly visible on the redacted document.

      7.     It is intended that this Request will not solicit any material protected either by the attorney-client privilege or by the work product doctrine which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced.

      8.     If production of any requested document(s) is objected to on the grounds that production is unduly burdensome, describe the burden or expense of the proposed discovery.

      9.     All documents requested, unless otherwise specifically directed, are with reference to the allegations in plaintiff's Complaint and defendant's denials and any defenses thereto.

      10.    Words or terms used in the singular shall include the plural or such words or terms.

**DEFINITIONS**

1. "Person" or "individual" or "recipient" includes natural persons, sole proprietorships, corporations, firms, partnerships, unincorporated associations, trusts, and any other legal entity.

2. The terms "document," "written," "writing," and "other tangible thing" are used herein in the broadest sense permitted by the Federal Rules of Civil Procedure and include, but are not limited to, letters, notes, facsimile transmissions, memoranda, user manuals, pamphlets, computer-stored textual type or digital encoded files stored on disk, tape or other magnetic media, electronic mail, E-mail, optical disk, video tape, any social or business networking website, or the like. All attachments and/or enclosures to a document or other tangible thing are deemed to be part of such document or other tangible thing.

3. The terms "ESI" or "Electronically Stored Information" includes, but is not limited to, e-mails and attachments, voice mail, instant messaging, and other electronic communications, word processing documents, text files, hard drives, spreadsheets, graphics, audio and video files, databases, calendars, telephone logs, transaction logs, Internet usage files, offline storage or information stored on removable media (such as external hard drives, hard disks, floppy disks, memory sticks, flash drives, and backup tapes), information contained on laptops or other portable devices, and network access information and backup materials, TIF (aka TIFF) files, PDF files, Native Files and the corresponding Metadata which is ordinarily maintained.

4. The term "communication" or "communicating" includes, but is not limited to, conversations, meetings, telephone calls, electronic mail, text messages, voice mail, written correspondence, and all other methods by which words, pictures, graphics and/or other information are conveyed from one person to another or others.

5. "Written," "writing," or "document" includes, but is not limited to, letters, notes, facsimile transmissions, memoranda, user manuals, pamphlets, computer-stored textual type or digital encoded files stored on disk, tape or other magnetic media, electronic mail, E-mail, optical disk, video tape, or the like.

6. "Computer Devices" means any computer device, including any computer laptop or desktop, mobile phone, iPad or other tablet computer, mp3 player or electronic device capable of connecting to the internet used by, or within the possession and control of you during the time of infringement.

7. If not expressly stated, "control" means in your possession, custody, or control and includes documents and things in the possession, custody or control of any other person in your house, apartment or dwelling

8. "File" and "Files" means the complete file, folder, binder, or other filing system, and all documents contained therein as of the date of the deposition, and all documents not physically in the file, folder, binder, or other filing system that are normally kept within the file, folder, binder, or other filing system in the normal course of business.

9. "ISP" means the Internet Service Provider who assigned the IP address to defendant's name and physical address.

10. "Work" or "Works" means the copyrighted movies listed in the Second Amended Complaint and Exhibits A and B to the Second Amended Complaint.

11. "Swarm" is an interconnected web of information or data flowing between users utilizing BitTorrent to share or make available for download or upload the same file or group of files.

12. Plaintiff's investigators refers to IPP International UG ("IPP") and/or Excipio GmbH ("Excipio"), or any other investigator utilized by plaintiff related to the allegation in this case.

13. The term "identify" means:

a. When used in reference to an entity, to state the entity's current or last known full business name and all previous registered and/or operating names, if any;  its principal place of business;  its present or last known business address;  the nature of the business;

b. When used in reference to an oral communication, act, meeting, transaction, event, occasion or instance, to state its date and place of occurrence (or, if a telephone call is involved, so state and provide the location of all parties to such telephone call and identify the person who initiated it), the identity of each person participating therein, whom each such person participating therein represented or purported to represent, the substance of what transpired or was said, and the identity of all documents summarizing, recording, reflecting, reporting or containing a reference to it;

c. When used in reference to a natural person, to state the person's full name, the name of the person's employer, the person's title, business address and business phone number, or the person's residence address and phone number if the person is unemployed;

d. In any other context, to describe fully.

14. "Refer," "relate," or "regarding" means constituting, analyzing, describing, discussing, reporting or commenting on, inquiring about, setting forth, explaining, considering, referring to, relating to, pertaining to, mentioning, or alluding to, in whole or in part.

15. Whenever it is necessary to bring within the scope of the documents requested herein, information, communications or documents that otherwise might be construed to be outside their scope (1) the use of "and" as well as "or" shall be construed both disjunctively and conjunctively;  (2) the use of a word in its singular form shall be construed to include within its meaning its plural form, and vice versa;  (3) the use of a verb in any tense or voice shall be construed as the use of that verb in all other tenses and voices; (4) references to the masculine shall include the feminine and vice versa;  (5) "each" shall be construed to include the word "every" and shall be construed to include the word "each;"  and (6) "any" shall be construed to include the word "all" and "all" shall be construed to include the word "any."

16. "Including" means including, but not limited to.

17. Unless otherwise specified, "you" refers to the party(ies) to whom this Notice is are directed.

18.     Unless otherwise indicated, the word "Complaint" includes the latest affirmative pleading filed by plaintiff in this case.

19.     For purposes of this request, the words utilized are considered to have, and should be understood to have their ordinary, ever day meaning. Defendant refers plaintiff to any collegiate dictionary such as Webster's New World Dictionary, Second College Edition by Prentice-Hall Press.

## DOCUMENTS REQUESTED

1.      All documents (including, but not limited to, correspondence, notes, memoranda, and journal entries) which relate to, describe, summarize, or memorialize any communication between you and anyone known or believed by you to have been acting under your authority concerning the alleged infringements.

2.      All documents (including, but not limited to, fee agreements, reports, and correspondence) provided to, received from, or prepared by each witness identified by you in connection with the disclosures required by Fed. R. Civ. P. 26(a)(2)(A).

3.      Documents relating to the copyright registration of the Works, including, but not limited to the Work for Hire agreement, and/or any and all assignments, transfers, mortgages, or any other document relating to the registration or ownership of the Works. Merely referring to documents that may be publicly available is not an acceptable or legitimate response.

4.      Any and all licensing agreements and/or distribution agreements for the Works, any derivative works, or contemplated derivatives, any kind associated with the Works.

5.      All documents relating to sales information including domestic and international sales.

6.      All writings, including without limitation takedown notices sent to each torrent site from which the films identified in the complaint were allegedly downloaded by this defendant and others, and the responses, if any, from those torrent sites, together with email, letters, notes of telephone conversations, and memoranda that relate to efforts or activities to have the films identified in plaintiff's complaint removed from the websites that had or has downloadable films identified in plaintiff's complaint, or if not removed, blocked from downloading without permission

7.      All documents received from Greenwood Digital's Internet Service Provider ("ISP"), including but not limited to documents relating to Greenwood Digital's IP Address;

8.      Any information produced, generated by, or received by, any investigative efforts, including but not limited to those efforts of plaintiff's investigators relating to the defendant in this case.

9. Any information produced, generated by, or received by, any investigative efforts, including but not limited to those efforts of plaintiff's investigators or any other investigation company relating to defendant's IP address

10. Any communication(s) or documents that does or does not link Greenwood Digital's IP address to defendant.

11. All documents describing the relationship between Malibu Media, LLC, plaintiff's owners or officers, and plaintiff's investigators, including, but not limited to contracts and/or any guidelines relating to the scope of the investigation of Greenwood Digital's IP address.

12. Exact copies of all files that plaintiff's investigators observed were uploaded and/or downloaded by (1) defendant and/or (2) Greenwood Digital's IP address (identifying which file(s) was uploaded or downloaded to or from (1) and (2)), including, but not limited to, the files used in any "side-by-side analysis," .torrent fragments, metadata, or any other partial or complete file.

13. The "announce" file, specifically the URL (uniform resource locator) used to verify and identify integrity of data received and the ID of the initial seeder.

14. An exact functioning copy of any forensic software or program that was used by plaintiff's investigators or any other party in investigating the IP address in this case.

15. The exact specifics, including IP address, of the computer running the forensic software or program at the time of the alleged downloads by defendant as claimed in the Amended Complaint.

16. Malibu Media LLC's document retention/destruction policy in place at any time during 2016 to the present.

17. Malibu Media LLC's data retention/destruction policy in place at any time during 2016 to the present.

18. Provide a copy of any communication suspending any data retention or data destruction policy which was communicated after the commencement of this action.

19. All documents which demonstrate, refer, reflect or relate to the digital and/or personal identity of the initial seeder of each copyrighted work in this case.

20. All documents which demonstrate, refer, reflect or relate to the identity of the initial seeder file and the torrent descriptor used for each of the works listed in the complaint.

21. All documents which demonstrate, refer, reflect or relate to the "identically sized group of bits" as described in the complaint.

22. All documents which demonstrate, refer, reflect or relate to the "hash" attached to each piece and proof that each has been delivered to or downloaded from another computer to the defendant's computer.

23. All documents which demonstrate, refer, reflect or relate to the identity of all "tracker" computers that provided peers with the URL address.

24. All documents which demonstrate, refer, reflect or relate to the identity of a centralized tracker or decentralized tracker.

25. All documents which demonstrate, refer, reflect or relate to the identity of which "torrent site(s)" allegedly used by this defendant and the date and time of each instance.

26. All documents which demonstrate, refer, reflect or relate to the way that plaintiff's investigators identified the IP address being used in any swarm this defendant utilized, and whether plaintiff's investigators or any of their agents participated in seeding any of the works in this case.

27. All documents which demonstrate, refer, reflect or relate to whether a piece and/or all of a fully playable copy of the work was transferred by the defendant.

28. All documents which reflect, refer to or relate to each and every allegation contained in the Amended Complaint.

29. Any documents referred to in plaintiff's response to any of the interrogatories propounded by defendant.

30. All witness statements, witness accounts or witness interviews obtained during any investigation conducted by plaintiff into their allegations in the Amended Complaint against defendant.

31. A list of all documents which are being withheld from production by virtue of any privilege of non-production or for any other reason. (This list should identify each document by its name, date, author, and recipient and specify the reason for withholding it from production).

32. All documents (including, but not limited to, correspondence, notes, memoranda, and journal entries) which relate to, describe, summarize, or memorialize any communication between you and anyone known or believed by you to have been acting under your authority concerning the alleged infringements.

33. All documents (including, but not limited to, fee agreements, reports, and correspondence) provided to, received from, or prepared by each witness identified by you in connection with the disclosures required by Fed. R. Civ. P. 26(a).

34. All contracts, employment agreements, assignments and other writings of any type associated with the creation, filming and/or editing of each film identified in the Complaint,

including employment, independent contractor, performer and others, including agreements signed by each person involved with any aspect of creating, filming and/or editing each film.

35. All writings, including without limitation takedown notices sent to each torrent site from which the films identified in the complaint were allegedly downloaded by defendant and others, and the responses, if any, from those torrent sites, together with email, letters, notes of telephone conversations, and memoranda that relate to efforts or activities to have the films identified in plaintiff's complaint removed from the websites that had or has downloadable films identified in plaintiff's complaint, or if not removed, blocked from downloading without permission.

36. The WORM drive file used to identify the ISP and specific films for each film that you claim the defendant allegedly downloaded.

37. Full and complete copies of the actual copyright applications you filed with the United States Copyright Office for each of the films listed in your complaint.

38. All writings, including without limitation email, letters, notes of telephone conversations, and memoranda that relate to the initial discovery and subsequent knowledge that the films identified in plaintiff's complaint were available or posted on the torrent websites from which the films were downloaded.

39. The server access logs (including IP address, date-time, login name, and what if any files were downloaded during that session) for X-Art.com's file server for the times leading up to each of the swarm's initial creation date for each of the films identified in the Complaint.

40. All logs, or notes, of how the ".torrent" file for each film identified in the complaint was obtained by the company that collected the IP addresses.

41. For each of the films identified in the complaint, the complete record of streaming views and/or downloads from the X-Art.com website, including the date and time, the user identification, and the film title.

42. All logs of hash collisions which occurred during the monitoring of the bit torrent swarm(s) associated with uploads/downloads from/to the IP address identified in your complaint.

43. Reports, memos, email, working papers, notes and other writings sent to any person including plaintiff, plaintiff's owners, or other persons that relate in any way to the ISP identified in the Complaint, including monitoring of alleged downloads associated with the ISP.

44. The pieces of data allegedly obtained from the IP address identified in plaintiff's complaint which show that a computer using that IP address was uploading or downloading the infringing works, including without limitation the activity logs used to create any spreadsheet or other report of downloads associated with or relating to the IP address that is identified in this case.

45. Produce, in an original, searchable format, the complete logs of all information relating to the BitTorrent swarm for each film identified in your Complaint and the tracker or trackers that were contacted or used, including the logs, or notes, of how the .torrent file was obtained by the company that collected the IP addresses.

46. All communications obtained and made between plaintiff's counsel and any person associated with the IP address identified in your Complaint, and any and all notes regarding such communication, logs of communication, letters, e-mails, recorded telephone calls, or any other communication between any plaintiff's counsel and the person(s), which plaintiff may seek to bring into evidence at a trial in this case.

47. The record of every other download for each film allegedly downloaded by the defendant by all persons, the date(s) of the download(s), the corresponding IP and hash information associated with each download.

48. For each film identified in the Complaint, all documents which include information pertaining and relating to the very first instance in which plaintiff found the film to be downloaded by anyone illegally, including the date, time, ISP identity of the site from which the film was downloaded, and the IP address of the downloader.

49. For each film identified in the Complaint, all information that identifies an upload or seeding of that film on any torrent site, including the date, corresponding IP address and hash information.

50. Electronic copies of source data file(s) related to the ISP identified in this case.

51. Reports, memos, email and other writings sent to any person, including attorneys, plaintiff, plaintiff's owners, or other persons that relate in any way to the ISP identified in the Complaint.

52. Produce, in binary format, ready for execution in its original environment, the binary executable file of the software used to collect the IP addresses, as well as any documentation, manuals, user guides, associated with the operation of that software.

53. The source code and scripting language that creates the spreadsheets which were attached to the pleadings in this case.

54. Produce, in original format, the software used to monitor torrent uploads and downloads, in source code and run-time executable version.

55. Documents produced by plaintiff's experts in any copyright infringement case, including cases in which Malibu Media is a plaintiff.

56. All materials obtained from Tim McManus' and/or Greenwood Digital's computer(s), including without limitation, materials related to any defendant's Internet use.

9

57. Any and all statements of any person with any relevance to any person or issue in this litigation.

58. Any and all documents evincing an admission or referring to an admission by any party to this litigation.

59. Any documentation showing that plaintiff's investigators are licensed to collect data on or from citizens or residents of New Jersey.

60. Any and all documents relevant to or supporting each allegation contained in paragraphs 17-37, 39-40, 42-44, 48-53, and 55-64 of plaintiff's Second Amended Complaint.

CERTIFICATE OF SERVICE

I hereby certify that on December 28, 2018, a true and correct copy of the foregoing document was served via U.S. Mail and/or email to the following:

>    Patrick J. Cerillo, Esq.
>    4 Walter Foran Blvd., Ste. 402
>    Flemington, NJ 08822
>    eMail: pjcerillolaw@comcast.net

|  |  |
|---|---|
| | /s/ Leslie A. Farber |
| Dated: December 28, 2018 | Leslie A. Farber |